**Billie Ray WYLIE, Plaintiff-Appellant,**

**v.**

**FORD MOTOR COMPANY, a Delaware corporation, Defendant-Appellee.**

**No. 74-1126.**

United States Court of Appeals, Tenth Circuit.

Argued Aug. 19, 1974.

Decided Sept. 23, 1974.

William L. Garrett, DeSoto, Tex., for plaintiff-appellant.

William S. Hall, Tulsa, Okl., for defendant-appellee.

Before HILL and DOYLE, Circuit Judges, and SMITH,* District Judge.

HILL, Circuit Judge.

This appeal comes from a directed verdict in a products liability action based on diversity jurisdiction.

On July 10, 1970, appellant Billie Ray Wylie was driving a 1969 Ford Ranch Wagon, purchased and furnished by his employer; this vehicle had traveled nearly 44,000 miles at the time of the accident. Appellant testified that while traveling 65-70 miles per hour on four lane Interstate Highway No. 35 near Georgetown, Texas, he passed a car and pulled back to the right lane. When he straightened up the car, the left front end raised up, a loud bump occurred and the car pulled very hard to the left. After several attempts by appellant to control the vehicle, the car veered to the right, hit a reflector pole and proceeded off the shoulder, across an access road and down an embankment. The vehicle was seen later on the grassy embankment by several persons including Paul Bohanon, a wrecker driver, and Dennis Wilie, a Texas Highway Patrolman who investigated the accident. After the accident, appellant complained of back and other injuries resulting from the incident.

Appellant instituted suit in the United States District Court for the Eastern District of Oklahoma. Appellant relied on a breach of implied warranty of fitness for his claim for relief from the vehicle's manufacturer, Ford Motor Company. Appellant alleged the implied warranty of fitness was breached in that the upper ball joint of the left front wheel's control arm was defective, had fallen out of its socket on the highway and had caused the car to become uncontrollable. An alternative allegation of

breach of the implied warranty of fitness was that driving the vehicle off the highway shoulder in an emergency was a possible use the manufacturer appellee knew of and the car should have been manufactured so that it could have driven over the terrain in this situation without injury occurring to the plaintiff. Appellant's total claimed damages of $543,364 included loss of earnings and retirement benefits, medical expenses, and pain and suffering.

Appellee Ford Motor Company contended no defect existed in the vehicle's front end and denied the failure complained of occurred prior to the vehicle's leaving the highway. Appellee further contended that the appellant's misuse of the vehicle—driving off the highway and across rough ground, including a drainage ditch and two six-inch concrete curbs on an entrance ramp—caused the spindle to come loose from the upper ball joint and that these impacts were not within any implied warranty of fitness.

At trial, appellant called Jerome B. McCoy, head of the Division of Physical Sciences and the Department of Physics at the University of Tulsa, as an expert witness. The court allowed McCoy to testify that in his opinion the upper control arm of appellant's vehicle was defective when installed. The witness testified that abnormal wear had occurred to the ball joint and that this wear was caused either by the absence of a spring retainer or by improper hardening of the metal. He said the metal appeared soft to him and considerable impacting over a long period of time had worn down the metal. Thus, McCoy's testimony was that the upper ball joint fell out of its socket prior to any impact damage occurring after appellant's vehicle left the road.

On cross-examination, McCoy acknowledged that he had not run any hardness tests on the metal involved, had not examined the grease in the ball joints or cups for parts of worn material and had not examined the vehicle's spindle. Af-

---

* Honorable Talbot Smith, Eastern District of Michigan, sitting by designation.

ter appellant rested his case, appellee moved for a directed verdict "[f]or the particular reason . . . that the testimony of the alleged expert, the philosopher, he was not qualified to testify as to the ultimate conclusions, invading the province of the jury." The court overruled the motion. After presentation of appellee's case, including expert testimony supporting appellee's theories, the court again denied the motion for a directed verdict.[1]

The jury could not agree and the court declared a mistrial. Appellee moved to dismiss, and the court considered that motion as one for a directed verdict. Believing the appellant had not made out a case, the court directed a verdict for appellee Ford Motor Company.

■ On this appeal, we are considering the correctness of the trial court's granting of the directed verdict. This verdict was directed under Rule 50(b) of the Federal Rules of Civil Procedure. See Thompson v. Lillehei, 273 F.2d 376 (8th Cir. 1959). In determining whether a verdict should be granted, a trial judge must view the evidence in the light most favorable to the opposing party. A directed verdict must not be granted unless the evidence points all one way and cannot be the basis of reasonable inferences which sustain the position of the non-moving party. Wilkin v. Sunbeam Corp., 377 F.2d 344 (10th Cir. 1967), cert. den'd, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 464. Also the trial court, when considering a directed verdict motion, may not weigh the evidence or determine where the preponderance of evidence lies. The court should not consider the credibility of witnesses, and only clearly incredible evidence should be

excluded from the court's consideration. Anderson v. Hudspeth Pine, Inc., 299 F. 2d 874 (10th Cir. 1962).

To have established a prima facie case of breach of implied warranty of fitness, appellant claims credible evidence was needed that (1) the vehicle was defective when sold, (2) the defect caused injury, (3) the injury occurred while the vehicle was being used in the range of its intended use, and (4) an injury, in fact, occurred to appellant. See 63 Am. Jur.2d Products Liability §§ 91, 101. Appellee contends, as the trial court apparently decided, that appellant failed to produce any credible evidence of a defect. Applying the standard of review previously discussed, we cannot agree with appellee and must reverse and remand.

■ Appellant called Professor McCoy to establish the fact of a defect in the vehicle. In response to questions by appellant's counsel, McCoy testified, in his expert opinion, that a defect was present in the upper control arm ball joint since installation of the part. He gave reasons why he believed the upper control arm was out of the socket at the time impact damage was done to the lower control arm. McCoy compared the mechanism from appellant's vehicle with one pressed out by a hydraulic press. Appellee argues McCoy's testimony was incredible and should not be considered as evidence of the defect. It is true that McCoy did not run metal hardness tests or examine the grease to substantiate his abnormal wear theory and that he did not examine the vehicle's spindle. These matters, however, go to the weight which the trier of fact should accord the evidence and do not make the testimony incredible.

1. In response to counsels' arguments on this motion while the jury was out of the courtroom, the court said, "[T]he plaintiff has failed to show that there is . . . in fact a defect in the car as it left the factory. Plaintiff claims that there was an unusual amount of wear in the joint and socket which controlled part of the steering mechanism. There is no credible evidence in this case that there was any unsual wear or that the metal was too soft . . . . [N]o test was made to determine the softness or the hardness of the metal which could have been made but wasn't. They say that you can see it with your naked eye that there is a wearing in the this [sic] socket. Well, laymen such as the ones that testified don't support any credible evidence, as I view it, to ascertain such position."

■ The trial court allowed McCoy to testify to the ultimate conclusion that a defect existed. The court specifically overruled a directed verdict motion based on appellee's contention McCoy was not qualified to testify as an expert. Thus there was expert testimony of the defect which was available for jury consideration. This expert testimony, appellant's narrative of the accident, appellant's other evidence, and the reasonable inferences resulting therefrom made a submissible case for jury consideration. Thus, the motion granting a directed verdict was error.

Because we remand this matter for a new trial, we find it unnecessary to decide appellant's second contention that the trial court abused its discretion in failing to apply sanctions for appellee's alleged failure to comply with the court's discovery order.

The order granting the directed verdict is set aside and the case is remanded for a new trial.