**Royal D. JENNINGS, Appellant,**

v.

**E. A. HICKLIN et al., Defendants.**

**No. 78–1364.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 30, 1978.

Decided Dec. 7, 1978.

Royal D. Jennings, pro se.

Vincent R. Petrucelli, Carlin & Darbyshire, Davenport, Iowa, on brief, for appellee Robert F. Moore.

Charles W. Brooke, Thomas J. Shields, Davenport, Iowa, John W. Carty, Winfield, Iowa, on brief, for William McKasson.

Seymore Raben, Davenport, Iowa, Jay Schweitzer, County Atty., Louisa County, Wappello, Iowa, on brief, for R. McDowell, G. Andries, R. Wilke and J. Dillon.

Thomas E. Perry, Columbus Junction, Iowa, on brief, for Columbus Junction State Bank.

Thomas F. Daley, Jr., Davenport, Iowa, on brief, for Hicklin & Matthews, R. D. Beal.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

**PER CURIAM.**

Royal D. Jennings, proceeding pro se, appeals from an order of the district court denying his Fed.R.Civ.P. 60(b) motion for relief from judgment. We affirm.

Jennings had filed a complaint naming fifteen defendants in which he alleged, *inter alia,* numerous civil rights violations.[1] The district court dismissed each count of the complaint for one of the following reasons: the applicable statute of limitations had run, the complaint failed to state a federal claim or the court lacked subject matter jurisdiction. Jennings did not file a timely notice of appeal from the district court's judgment dismissing his complaint.[2]

The judgment of dismissal was entered on August 11, 1977. On October 19, 1977, Jennings filed his Rule 60(b) motion, which contained lengthy, vague and rambling allegations that the judgment had been procured by fraud and that proper jurisdiction existed. The district court denied the motion on the bases that Jennings' allegations regarding jurisdiction were totally lacking in merit and that Jennings' allegations of fraud were conclusory and insufficient to justify further action.

The district court's denial of the Rule 60(b) motion was clearly proper. This court in *Assmann v. Fleming,* 159 F.2d 332, 336 (8th Cir. 1947) described fully a movant's burden in attempting to have a judgment set aside on the basis of fraud:

> Fraud and circumvention in obtaining a judgment are ordinarily sufficient

---

1. Count I alleged that the sheriff of Louisa County, Iowa, intimidated and harassed Jennings and members of his family and denied them equal protection of the laws. Count II made similar allegations against the deputy sheriff of Louisa County. Count III charged the Louisa County attorney with failing to take appropriate action to enforce the law and protect Jennings and his family. Count IV charged the Louisa County sheriff with refusing Jennings' request for investigation of destruction of his fence. Count V related to family disputes and disagreements occurring between 1958 and 1971. Count VI charged a private attorney with negligence in representing Jennings in a family dispute. Count VII charged a law firm with wrongful conduct relating to its representation of the Jennings family. Count VIII charged a funeral home operator with disregarding burial instructions given him by Boyd Jennings. Count IX charged Jennings' neighbor with failing to settle a dispute over destruction of a boundary fence between their properties. Count X charged the Columbia State Bank with various acts of misconduct relating to Jennings' affairs.

2. This court, on June 2, 1978, granted appellees' motion to dismiss Jennings' appeal from the final judgment dismissing the complaint as untimely. The court limited the issues on appeal to "only those bearing upon the denial of the Rule 60(b) motion and not upon the underlying judgments or orders."

grounds for vacating a judgment, particularly if the party was prevented from presenting the merits of his case. The burden of proving such fraud and misrepresentation is, of course, upon the applicant and fraud is not to be presumed but must ordinarily be proven by clear and convincing evidence.

*Accord, Wilkin v. Sunbeam Corp.,* 466 F.2d 714, 717 (10th Cir. 1972), *cert. denied,* 409 U.S. 1126, 93 S.Ct. 940, 35 L.Ed.2d 258 (1973); *Westerly Elec. Corp. v. Walter Kidde & Co., Inc.,* 367 F.2d 269, 270 (2d Cir. 1966); *Brown v. Pennsylvania R.R. Co.,* 282 F.2d 522, 527 (3d Cir. 1960), *cert. denied,* 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1961); *Atchison, T. & S. F. Ry. Co. v. Barrett,* 246 F.2d 846, 849 (9th Cir. 1957); *Parker v. Checker Taxi Co., Inc.,* 238 F.2d 241, 243–44 (7th Cir. 1956), *cert. denied,* 353 U.S. 922, 77 S.Ct. 681, 1 L.Ed.2d 719 (1957).

Jennings failed to meet his burden. In his motion, Jennings made allegations of the following nature:

> [F]raudulent documents and statements have been used in specific instances by specific respective defendants counsel which have intimidated and coerced this Plaintiffs specific respective counsel, such improper activity obviously influental [sic] in defrauding their own client, * *.

Such allegations are too vague and conclusory to warrant setting aside a judgment on the basis of fraud.

Jennings' jurisdictional arguments are similarly vague and difficult to understand. His reliance on criminal statutes to support the court's jurisdiction in this civil action deserves no further comment. His other jurisdictional arguments were decided adversely to him by the district court's final judgment dismissing his complaint, and he did not appeal from that judgment.

The request of the appellees for attorney fees is denied. Each party shall pay his own costs in this court.[3]

Affirmed.

---

**3.** Appellees (other than Mr. Hicklin) have filed a printed brief and partial appendix in this court. Our Rule 11(B)(1) of the Rules for the United States Court of Appeals for the Eighth Circuit (1978) provides that "[i]n all cases the original brief may be typewritten and copies reproduced by a photocopy or similar process * * *." The appellant filed a typewritten brief on August 31, 1978. Appellees' printed brief was filed September 20, 1978. Under these circumstances the court declines to assess printing costs to the appellant since a major portion of those costs could and should have been avoided in this pro se appeal by appellees taking advantage of Rule 11(B)(1).