**In re Milton SCHRAIBER, Debtor.**

**Alexander S. KNOPFLER, Trustee for Milton Schraiber, Plaintiff,**

**v.**

**Milton SCHRAIBER, et al., Defendants.**

**Bankruptcy No. 87 B 17144.**
**Adv. No. 88 A 877.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

May 18, 1990.

Mark L. Prager, Bruce Dopke, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for plaintiff.

John H. Redfield, Chicago, Ill., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE MOTION OF MILTON SCHRAIBER PURSUANT TO RULE 60(b) TO VACATE ORDER DATED FEBRUARY 17, 1988 DENYING DISCHARGE

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause came on to be heard upon Debtor's Motion to Vacate Order Dated February 17, 1988 Denying Discharge Pursuant to Rule 60(b) ("the Motion") filed by Milton Schraiber, initially *pro se*, and later through his counsel, John Redfield. The Motion was opposed by Alexander S. Knopfler, Trustee in bankruptcy of the estate of Milton Schraiber, Richard Erlich, Isabelle and Edward Gaik, Fred and Doreen Groh, Irene Maczka, Patrick and Marilyn Maize, Evelyn Rydzon and Lois E. Schmitt, by their respective counsel. The Court considered the record in this case and the pleadings on file, the comments and memoranda submitted by the foregoing parties, and afforded the parties an opportunity for hearing as is appropriate under the circumstances of this case on April 16 and 17, 1990 ("the Hearing"). Having considered the testimony and exhibits introduced into evidence at the Hearing, and being fully advised in the premises, the Court makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The above captioned Adversary Complaint included several counts objecting to Mr. Schraiber's discharge under Section 727(a) of the Bankruptcy Code. Those counts were:

Count 52, which sought denial of discharge under Section 727(a)(2)(A) of the Bankruptcy Code, based on Mr. Schraiber's alleged concealment of not less than $500,000 prior to the commencement of his Bankruptcy case;

Count 53, which sought denial of discharge under Section 727(a)(2)(B) of the Bankruptcy Code based upon Mr. Schraiber's alleged post-bankruptcy conversion of two checks, one in the amount of $22,000 (dated December 17, 1987) and one in the amount of $19,485 (dated November 20, 1987), drawn on his account in the name of Combined Building Associates;

Count 54, which sought denial of discharge under Section 727(a)(3) of the Bankruptcy Code based upon Mr. Schraiber's alleged failure to keep books and records from which his financial condition and business transactions might be ascertained; and

Count 55, which sought denial of discharge under Section 727(a)(5) of the Bankruptcy Code, based upon Mr. Schraiber's alleged failure to satisfactorily explain any loss or deficiency of his assets to meet his liabilities.

2. Mr. Schraiber filed an answer to the Complaint ("the Answer"), which was signed by George Collins, Esq., who at that time was Mr. Schraiber's counsel of record in this Adversary case. A copy of the Answer was admitted into evidence at the Hearing as Schraiber Exhibit 11.

3. With respect to Counts 52, 53 and 55, the Answer pleaded:

This Defendant has not sought a discharge in Bankruptcy in this cause, and has renounced any intention to seek a discharge. Therefore, the counts seeking to prevent discharge (Count III and

subsequent Counts) require no answer, are moot, and should not have been filed.

4. The Answer only denied the substantive allegation of Count 54 concerning adequacy of Mr. Schraiber's business records. Thus, as to Count 54, the parties were at issue.

5. On February 16, 1989, the Trustee filed a Motion for Judgment on the Pleadings on Counts 52 through 55 of the Complaint. A copy of the Trustee's Motion For Judgment On The Pleadings was admitted into evidence at the Hearing as Schraiber Exhibit 4.

6. Mr. Collins, as Mr. Schraiber's attorney, stipulated to the Trustee's Motion For Judgment On The Pleadings, through his signature thereon signifying his approval.

7. On February 17, 1989, the Court entered judgment on the pleadings in favor of the Trustee on Counts 52 through 55 of the Complaint (the "Judgment Order"). A copy of the Judgment Order was admitted into evidence at the Hearing as Schraiber Exhibit 8.

8. The Judgment Order provided that "there is no just reason to delay enforcement or appeal of this judgment." The Judgment Order was docketed on February 21, 1989.

9. On February 23, 1990, more than a year after the entry of the Judgment Order, Mr. Schraiber appeared personally in Court to file the instant Motion signed by him *pro se* and seeking relief under Federal Rule of Civil Procedure 60(b). However, he served notice and lodged the Motion with the Bankruptcy Court Clerk a few days earlier before the year had run. In conformity with the local rules of this Court adopted to facilitate management of our court's huge volume of motions, the Clerk did not then stamp the Motion as filed. However it is clear that in every real sense Mr. Schraiber "filed" his motion with our Clerk just before the year expired. However, when the Motion came up for hearing on February 23, 1990, it was signed by Debtor, not signed by Mr. Schraiber's attorney, Mr. Collins. Therefore it was subject to being stricken for that reason under Bankruptcy Rule 9011. Neither

Mr. Collins nor Mr. Schraiber's substitute counsel Mr. Redfield has ever signed the Motion. Mr. Schraiber has acknowledged that he had the assistance of his new counsel Mr. Redfield in preparing the Motion.

10. Mr. Schraiber's Motion pleaded:

(a) that Mr. Schraiber's Answer to Counts 52–55 of the Complaint constituted a "waiver" of Mr. Schraiber's discharge in bankruptcy;

(b) that his discharge was "waived" without the execution of a single document by him and without a hearing approving the waiver, or a judicial admonishment as to the consequence of his written waiver as in a reaffirmation hearing;

(c) that the denial of discharge prohibited Mr. Schraiber from confirming a plan or reorganization, "much to [his] surprise and dismay";

(d) that Mr. Schraiber was taken by "surprise" as defined by rule 60(b)(1) of the Federal Rules of Civil Procedure to learn that he had waived his discharge, which he first learned when his bankruptcy plan of reorganization and disclosure statements were denied towards the end of 1989; and

(e) that pursuant to rule 60(b)(5), it is no longer equitable that the judgment denying Mr. Schraiber a discharge in bankruptcy should have prospective application because he desires to file a plan of reorganization for the benefit of all his creditors.

11. After the Trustee filed his Response to the Motion, Mr. Schraiber's new counsel Mr. Redfield appeared and filed a Reply Memorandum ("the Reply") in support of the Motion. The Reply, in addition to reiterating the contentions of the Motion, set forth the following additional contentions:

(a) that Mr. Schraiber's former lead bankruptcy counsel (Mr. Joseph Matz, and Holleb & Coff), had been "unaware" of Mr. Schraiber's "waiver of discharge" (Reply at 3);

(b) that "inadvertent stipulations by counsel * * * errors in admissions by counsel * * * and unauthorized consent

judgments by counsel * * * are all grounds for relief from judgment pursuant to Rule 60(b)(1)" (Reply at 4); and

(c) that the Judgment Order was "stipulated to in error and [sic] not authorized as a result of miscommunications and too many cooks in the kitchen" (Reply at 4).

12. In light of the serious nature of these allegations, the Court scheduled a Hearing as to those allegations.

13. Mr. Schraiber testified at the Hearing that he had intended throughout the pendency of his Chapter 11 case to file a plan of reorganization that would provide for a dividend to creditors, and at the same time provide Mr. Schraiber relief from creditor suits and harassment.

14. Mr. Schraiber also testified at the Hearing that he did not learn of the entry of the Judgment Order, or understand the significance of that order until December 1989 or January 1990, when the subject was raised by one of his creditors.

15. Mr. Schraiber testified at the Hearing that he did not understand, and was not informed of the meaning of the phrase "discharge in bankruptcy" until he was informed of the same by Mr. Redfield, contemporaneous with or shortly before the filing of the Motion.

16. When pressed on cross-examination, Mr. Schraiber did not clearly admit or deny that Mr. Collins had informed him of the pendency of the Trustee's Motion For Judgment On The Pleadings, or of the entry of the Judgment Order. He stated that he did not understand, until recently, that the practical effect of the entry of the Judgment Order would be to forever bar him from receiving a discharge in bankruptcy on his present debts.

17. Mr. Collins testified at the Hearing as the Trustee's witness.

18. Mr. Collins testified at the Hearing that from the onset of his representation of Mr. Schraiber, in November of 1987, he had consistently advised Mr. Schraiber to disclaim his right to receive a discharge in bankruptcy in his Chapter 11 case. This advice was based upon Mr. Collins view, later confirmed by Mr. Schraiber's lead bankruptcy counsel Joseph Matz (in a meeting attended by Schraiber, Collins, and Matz), that Mr. Schraiber was unlikely to receive a discharge in bankruptcy from the Court, under the circumstances of his case. The advice was also based upon Mr. Collins' opinion and analysis that Mr. Schraiber could become the subject of a criminal prosecution, arising from his pre-bankruptcy transactions with his creditors. Mr. Collins said that any attempt by Mr. Schraiber to seek a discharge in his Chapter 11 case could have an adverse impact upon any criminal sentence imposed upon him after the conclusion of any such criminal prosecution. Mr. Collins further testified that the foregoing advice was communicated by him to Mr. Schraiber on many occasions. That advice formed the basis and reason for the Answer, for Mr. Schraiber's consent to the Trustee's Motion For Judgment On The Pleadings, and for Mr. Schraiber's consent to entry of the Judgment Order. Mr. Schraiber did in fact authorize the Answer and the consent of Mr. Collins on his behalf to entry of the Judgment Order. Mr. Schraiber is a clever and educated man who well understood what his attorneys told him about the foregoing matters and the significance of an order barring discharge.

19. Mr. Collins testified at the Hearing that after filing of the Complaint, he met with Mr. Schraiber in Mr. Collins' office to discuss the filing of the Answer. Mr. Collins testified that he believed that he dictated the Answer in Mr. Schraiber's presence at that meeting. The Court finds that it is more probable that not that Mr. Schraiber was present with Mr. Collins when the Answer was dictated.

20. On or about November 21, 1988, Mr. Collins sent a letter to Denise DeLaurent (one of Mr. Schraiber's former bankruptcy counsel) concerning the Answer, and he sent a copy of that letter to Mr. Schraiber. A copy of Mr. Collins' November 21, 1988 letter was admitted into evidence at the Hearing as part of Court Exhibit A.

21. On or about December 6, 1988, Mr. Collins sent a letter to Mr. Schraiber, a copy of which was admitted into evidence

at the Hearing as part of Court Exhibit A. That December 6, 1988 letter, *inter alia:*

    (a) reminded Mr. Schraiber of Mr. Collins' previous correspondence to him concerning the Answer;

    (b) enclosed another copy of the Answer for Mr. Schraiber's review; and

    (c) requested Mr. Schraiber's consent for the filing of the Answer.

22. On or about January 17, 1989, Mr. Collins sent a letter to Mr. Schraiber which stated:

Dear Milton:

    We have agreed with Prager [one of the Trustee's counsel] that you will not receive a discharge in the pending Bankruptcy proceedings; he has agreed that this denial of discharge will be by stipulation, and without any finding that you have done any wrongful acts.

               Best regards,
               [George Collins]

A copy of this January 17, 1989 letter was admitted into evidence at the hearing as part of Court Exhibit A.

23. On January 31, 1989, Mr. Collins sent Mr. Schraiber a letter which stated:

Dear Milton:

    Enclosed is a copy of the motion which will be entered and granted relating to your discharge.

    We agreed to do this for a long time; they finally got around to doing it in a simple and direct way.

    We are committed to this, and have been so committed since the beginning of the case.

               Respectfully,
               [George Collins]

A copy of this January 31, 1989 letter was admitted into evidence at the hearing as part of Court Exhibit A.

24. Mr. Schraiber received the letters of November 21, 1988, December 6, 1988, January 17, 1989 and January 31, 1989, which Mr. Collins sent to him.

25. The advice contained in the correspondence sent by Mr. Collins to Mr. Schraiber, the contents of the Answer and the stipulation to the Trustee's Motion For Judgment On The Pleadings, were entirely consistent with Mr. Collins' advice to Mr. Schraiber to sacrifice his pecuniary interest in his Bankruptcy estate, in favor of his personal liberty interests, because there was a strong chance of criminal prosecution.

26. Mr. Collins testified at the Hearing that neither Mr. Schraiber, nor anyone on Mr. Schraiber's behalf, contacted him prior to the Hearing concerning the instant Motion, or concerning the events referred to in the Motion.

27. Mr. Collins is an exceptionally skilled attorney, with great experience in the defense of criminal matters and some considerable experience in both matters of legal ethics before the Illinois Attorney Registration Commission and in civil litigation.

28. Mr. Collins produced complete documentation which established that he kept Mr. Schraiber fully and repeatedly informed with respect to the Answer, the Trustee's Motion For Judgment On The Pleadings and the Entry of the Judgment Order.

29. Mr. Collins' testimony at the Hearing was credible, and it was corroborated by the documentary evidence introduced into evidence.

30. For Mr. Collins to have failed to apprise Mr. Schraiber of the Answer he filed, the Trustee's Motion for Judgment on the Pleadings, and entry of the agreed Judgment Order, as contended by Mr. Schraiber, Mr. Collins would have knowingly and recklessly placed his law license in jeopardy. An attorney who would so deceive his client and throw away rights of his client without telling him could not survive in the profession. There was no evidence presented at the Hearing which would indicate that Mr. Collins had any motive or reason to conceal those matters from Mr. Schraiber. Similarly, there is no credible evidence that Mr. Collins, who had practiced law since 1955, recklessly failed to apprise Mr. Schraiber of those matters.

31. Based on Mr. Schraiber's demeanor on the witness stand which the Court observed, and specifically his manner of evad-

ing a number of questions posed to him on cross-examination, his testimony at the Hearing was not credible. Nor was that testimony corroborated by the documentary evidence submitted at the Hearing.

32. The Court finds that Mr. Schraiber testified falsely at the Hearing in many details concerning the Motion, the Answer, and the circumstances preceding the entry of the Judgment Order. The Court finds that Mr. Schraiber was kept fully informed by Mr. Collins, and received copies of the Answer, the Trustee's Motion For Judgment On The Pleadings, and the Judgment Order, contemporaneously with the dates those documents were filed with or entered by the Court.

33. Mr. Schraiber followed the advice of Mr. Collins, and knowingly gave Mr. Collins authority to stipulate to the Trustee's Motion For Judgment On The Pleadings, and to agree to the entry of the Judgment Order.

34. Long after he had approved the course of events put into motion by Mr. Collins, the Motion was filed by Mr. Schraiber for tactical reasons. He did this after objections were raised in the Fall of 1989 to certain indirect benefits for his family and himself built into his proposed Chapter 11 Plan, benefits that were in part inconsistent with denial of discharge. Mr. Schraiber filed the motion in an effort to manipulate the interests of Schraiber's own family members so as to increase their recovery from his Bankruptcy estate, at the expense of Mr. Schraiber's other creditors. This was contrary to the express advice he had received from Mr. Collins "not to manipulate his family" for financial benefit but rather yield his discharge in the interests of avoiding jail.

35. Mr. Schraiber alleged, in paragraph 15 of his Motion, as follows:

"I was taken by 'surprise' as defined by Rule 60(b)(1) of the Federal Rules of Civil Procedure to learn that I had waived my discharge, which I learned when my plan and disclosure statement were denied toward the end of 1989."

The foregoing allegation was not well grounded in fact; indeed, the Court finds that it was false and deliberately so. It was interposed by Mr. Schraiber to harass his creditors, to cause delay in these proceedings and to increase the costs incurred by his creditors and the Trustee in connection with this bankruptcy case.

36. The statements contained in the Reply to the effect that the Judgment Order was "stipulated to in error and [sic] not authorized as a result of miscommunication and too many cooks in the kitchen," was not well grounded in fact. In fact Mr. Schraiber authorized Mr. Collins to stipulate to that Order, and knew he had authorized his attorney to do so as part of a well-considered tactic intended to avoid jail.

## CONCLUSIONS OF LAW

1. To the extent that any of the foregoing findings of fact constitute conclusions of law, it is the Court's intention to deem such statements to be additional conclusions of law; and to the extent that any of the following conclusions of law incorporate additional findings of fact, it is the Court's intention to deem such statements to be additional findings of fact.

2. The Court's comments and findings which were made at the conclusions of the Hearing shall stand as the Court's additional findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and 9014 and Federal Rule of Civil Procedure 52(a). This Court has core jurisdiction of the instant motion.

### RULE 9011

3. The Trustee has raised a technical objection to the Motion under Bankruptcy 9011. Bankruptcy Rule 9011 provides, in relevant part:

(a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney * * * shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number.

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

4. Mr. Schraiber signed the Motion *pro se,* at a time when he was represented in the above proceeding by Mr. Collins, and was consulting Mr. Redfield as to wording of the Motion. Mr. Collins did not sign the Motion at any time before the Court permitted Mr. Collins to withdraw his appearance for Mr. Schraiber by order entered April 17, 1990. Mr. Redfield, whom the Court permitted to substitute his appearance for Mr. Schraiber by order entered April 17, 1990, likewise failed to sign the Motion. Thus, the technical objection raised by the Trustee under Bankruptcy Rule 9011 is arguably valid and has not been remedied. The Motion could be stricken on that basis. However, the Court has believed from the outset of this proceeding that it would be inappropriate and unjust to deal with the allegations which Messrs. Schraiber and Redfield raised with respect to Mr. Collins on the technical basis of Bankruptcy Rule 9011. Indeed, it would be absurd to treat the interplay of facts in this case on the Rules so to require that result. Rule 9011 was not intended to bar a motion brought in the circumstance alleged (but not proved here). If an attorney truly stipulated to a judgment to bar discharge without authority from his client, it would be a misapplication of Rule 9011 to use it to bar a motion by the client to obtain redress. This Court, therefore, must address the merits of the Motion.

### F.R.CIV.P. 60(b)

5. Mr. Schraiber bears the burden of proving his entitlement to relief under Federal Rule of Civil Procedure 60(b). 7 Moore's Federal Practice, par. 60.28[3], at 60–323 (2d ed. 1987); *Jennings v. Hicklin,* 587 F.2d 946, 947–48 (8th Cir.1978). In order for Mr. Schraiber to obtain relief under Rule 60(b), he must show (1) good cause for his default; (2) reasonably prompt action to correct his default; and (3) a meritorious defense to Counts 52 through 55 of the Complaint. *United States v. One 1979 Rolls–Royce Corniche Convertible,* 770 F.2d 713, 716 (7th Cir. 1985). Mr. Schraiber's Motion fails under each of these tests.

### A MERITORIOUS DEFENSE

6. The Motion does not state what defense exists, if any, to Counts 52, 53 and 55 of the Complaint. No new answer was attached to the Motion or tendered to the Court at the Hearing. The Answer Mr. Schraiber originally interposed to the Complaint warranted entry of judgment on the pleadings as to Counts 52, 53 and 55. Mr. Schraiber's failure to respond to the substantive allegations of those counts in his Answer, had the legal consequence of causing those allegations to be confessed as against him. Bankruptcy Rule 7008; Fed. Rule Civ.Proc. 8(d); *Mahanor v. United States,* 192 F.2d 873, 876 (1st Cir.1951). Mr. Schraiber's discharge can only be denied once. The consequence of Mr. Schraiber's failure to raise a defense to any of the several discharge counts of the Complaint is fatal to his discharge. Mr. Schraiber's failure to plead a meritorious defense to Counts 52, 53 or 55 of the Complaint is grounds for the denial of his Motion.

## GOOD CAUSE

7. Rule 60(b) was not intended to relieve parties of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise. *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977); *Naxon Telesign Corp. v. GTE Information Systems, Inc.*, 89 F.R.D. 333, 337 (N.D.Ill.1980). Mr. Schraiber has not demonstrated "good cause" for vacation of the judgment on the pleadings against him. Mr. Schraiber pleaded lack of knowledge by himself regarding the Trustee's Motion For Judgment On The Pleadings and entry of the Judgment Order. That pleading has been found to be false. His Motion also suggests that:

 1. he wanted to repay his creditors under a plan of reorganization that would give him ongoing relief from litigation from his creditors (Motion at pars. 13 and 17);

 2. he was "surprised" by the rejection of his proposed plan of reorganization by the Trustee and the Court (Motion at par. 15); and

 3. now that his plan of reorganization has been rejected, it is no longer "equitable" to hold Mr. Schraiber to his "waiver" of discharge (Motion at par. 18).

This reasoning does not begin to rise to the level of cause which would support his Rule 60(b) motion.

8. Had Mr. Collins acted without knowledge or consent of Mr. Schraiber to stipulate to entry of the Judgment, that would indeed be good cause for the requested relief. However, the proofs are clear and convincing that Mr. Schraiber consented to entry of the Trustee's Motion for Judgment On The Pleadings and the entry of the Judgment Order. He and his attorney did so pursuant to a calculated strategy to help Mr. Schraiber avoid some of the harsher, criminal penalties which they believed could arise from Mr. Schraiber's pre-bankruptcy dealings with his creditors. Mr. Schraiber has now had second thoughts about the advice he received from Mr. Collins and the strategy he followed pursuant to that advice. That does not entitle Mr. Schraiber to relief from the Judgment Order under Federal Rule of Civil Procedure 60(b). *Federal's Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir.1977).

## THE MOTION IS UNTIMELY

9. Rule 60(b) requires an aggrieved party to seek relief from judgments "within a reasonable time." Where grounds for relief are stated under Rule 60(b)(1) through (3), the request must be filed no later than a year from the entry of judgment. Schraiber did indeed act within that year, albeit barely so.[1] However, Professor Moore states:

 [A] party is not given an absolute year in which to make his motion for relief. Instead, a year is given as the *maximum* time beyond which no proceeding under clause (1) can be taken. Laches or undue delay will thus preclude a party from relief, although the motion is made within the maximum time.

7 Moore's Federal Practice, par. 60.22[4], at 60–194, 60–195 (2d ed. 1987); *see also MacLeod v. D.C. Transit System, Inc.*, 283 F.2d 194, 195 (D.C.Cir.1960).

10. As indicated above, the Court has found that Mr. Schraiber was fully apprised of the Trustee's Motion For Judgment On The Pleadings and entry of the Judgment Order contemporaneous with the filing and the entry of those documents. Mr. Schraiber has not provided any credible explanation for why he waited nearly a year to complain of the entry of the Judgment Order. Mr. Schraiber's failure to complain of the entry of the Judgment Order prior to February of 1990 constituted unreasonable delay for purposes of Federal Rule of Civil Procedure 60(b). This constitutes an independent basis for denial of his Motion.

---

1. Mr. Schraiber's Motion, though technically filed when it was presented on February 23, 1990, is deemed to relate back to the date that Motion was lodged with the Clerk. *See* General Rule 12(d). Mr. Schraiber delivered the Motion to the Clerk at about the same time he made service on the other parties to the case, on February 16, 1990.

11. Mr. Schraiber claimed in the Motion that his "surprise" over the rejection of his Plan and Disclosure Statement prompted the Motion and entitles him to relief from the Judgment Order. Even if the Court had found that statement to be true (which it has not found to be so), it is clear that this Court struck Mr. Schraiber's flawed Plan and Disclosure Statement on November 8, 1989. During the month of December of 1989, the parties concluded a trial on several counts of the Complaint. Had Mr. Schraiber filed his Motion promptly, the Trustee could have tried the discharge counts during the December trial. In the alternative, the parties could have sought a postponement of that trial to permit the issues raised in Counts 52 through 55 of the Complaint to be raised at that trial. The opportunity to take these steps has been lost, due to Mr. Schraiber's delay in raising the issue of his right to relief from the Judgment Order until approximately a month and a half after the trial concluded. This constitutes a further independent ground for denial of the Motion under Federal Rule of Civil Procedure 60(b).

### THE QUESTION OF WHETHER MR. SCHRAIBER "WAIVED" HIS DISCHARGE

12. The legal premise of Mr. Schraiber's Motion is that his lawyer's agreement to join in the Trustee's Motion for Judgment On The Pleadings constituted a "waiver" of discharge which should have been accompanied by compliance with procedures required by Section 523(c) of the Bankruptcy Code, 11 U.S.C. § 524(c). Clearly that is not what happened. The Trustee sought to deny Mr. Schraiber a discharge in bankruptcy through his Complaint. Mr. Schraiber's Answer to the Complaint was deliberately structured to be unresponsive to the substantive allegations of the Complaint. The Trustee moved for judgment on the pleadings. At least as to Counts 52, 53 and 55 of the Complaint, the Trustee was certainly entitled to the relief he requested. Debtor's lawyer in this Adversary case stipulated to entry of judgment barring discharge.

13. Mr. Schraiber's reliance on the reaffirmation provisions of Section 524(c) of the Bankruptcy Code is misplaced. Those provisions apply to a debtor who agrees to waiver of his right to discharge of a particular debt under Section 524(c) or all of his debts under Section 727(a)(10) of the Bankruptcy Code. Mr. Schraiber, in contrast, is a debtor who, after a complaint was filed to contest his discharge, failed to take reasonable and necessary steps to prevent judgment on that complaint from being entered. A debtor may lose his right to a discharge if he fails to answer or participate in pretrial proceedings on a discharge complaint. *See First Commodity Corp. v. Gannon (In re Gannon)*, 1988 WL 147841, 1988 Bankr.Lexis 2031 (Bankr.N.D.Ill.1988) *Cf. Watson v. City National Bank (In re Watson)*, 78 B.R. 232, 233 (B.A.P. 9th Cir. 1987). This Court was vested with full authority by Section 727 of the Bankruptcy Code, Bankruptcy Rules 7001(4) and 7012(b), Federal Rule of Civil Procedure 12(c) and 28 U.S.C. § 157(b)(2)(J) to enter judgment on the pleadings in favor of the Trustee and against Mr. Schraiber pursuant to the Judgment Order.

14. The Motion filed by Mr. Schraiber will by separate order be denied with prejudice. The Trustee has urged this Court to impose sanctions under Bankruptcy Rule 9011 for the filing of the instant Motion, but no Motion for sanctions has yet been filed.