9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of Barry Michael FLEISCHER, Debtor.
A & B SALES UNLIMITED, INC., and Richard M. Abrams,
Plaintiffs-Appellants,
v.
Barry Michael FLEISCHER, Defendant-Appellee.
 No. 92-2220.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the affirmance of the bankruptcy court's dismissal of their complaint seeking determination of the dischargeability of an alleged $247,000 debt owed to them by debtor. The bankruptcy court found that it was required to dismiss the complaint under Bankruptcy Rule 9011 because the complaint was signed only by Steven G. Pinks, an attorney licensed in New York and not admitted to practice in the United States District Court for the Eastern District of Michigan. Plaintiffs appeal, arguing that the bankruptcy court erred both as a matter of law in concluding that it did not have discretion in this matter and in not finding that the retention of local counsel affected a cure of any defect in the pleading. After reviewing the parties' arguments and the record in the case, we find that, while the pleading was defective and subject to dismissal, under the circumstances of this case it was an abuse of discretion to not allow plaintiffs an opportunity to cure the defective pleading.
 
 I.
 
 2
 Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 22, 1991. On October 28, 1991, the deadline for filing a complaint under 11 U.S.C. Sec. 523(c), plaintiffs filed the present complaint to determine the dischargeability of a debt under that section. Defendant-debtor filed his answer and listed as an affirmative defense that the complaint was "defective under Bankruptcy Rule 9011 and is null and void for all purposes, including the Statute of Limitations." (App. 13). In a letter dated January 20, 1992, debtor's counsel informed plaintiffs that he considered the complaint a nullity since it was not signed by an attorney admitted to practice in the Eastern District of Michigan and that he planned to file a motion to dismiss on behalf of the debtor. Four days later, at a pretrial conference, Doreen Harris appeared on behalf of plaintiffs. Ms. Harris was at that time admitted to practice in the Eastern District of Michigan.[1] On February 28, 1992, formal substitution of Ms. Harris in place of Mr. Pinks was recorded. (App. 155). Ms. Harris has continued to represent plaintiffs throughout the proceedings below and through this appeal.
 
 
 3
 On March 19, 1992, defendant-debtor filed a motion to dismiss the complaint alleging that it was "null and void for all purposes, including the [statute of limitations], which expired October 28, 1991." (App. 16). Plaintiffs responded, arguing that dismissal was not required under the bankruptcy rules and would not be an appropriate sanction because any defect was cured by the retention and eventual substitution of local counsel. Plaintiffs also argued that dismissal would be too harsh a sanction. After hearing arguments from both parties, the bankruptcy court found that local rules would have allowed Mr. Pinks to file the complaint so long as he subsequently availed himself of the provisions for limited admission, but he failed to do that. The bankruptcy court further concluded that the defect in the pleading had never been cured and that under the circumstance it had "no discretion but to dismiss" the complaint. (App. 194). The district court affirmed the dismissal. Plaintiffs now appeal.
 
 II.
 
 4
 This case revolves around the application of two bankruptcy court rules, 9010 and 9011. Rule 9010(a) provides:
 
 
 5
 (a) Authority to Act Personally or by Attorney. A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.
 
 Rule 9011(a) provides:
 
 6
 (a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 
 
 7
 The bankruptcy court concluded that the requirement under Rule 9011(a) that a pleading be signed must be read to mean that the pleading must be signed by the party or by an attorney who is authorized to practice in that court. Therefore, a pleading signed by an attorney not authorized to practice in the court is as if it were not signed at all and, under Rule 9011(a), shall be stricken if not promptly cured. The bankruptcy court concluded that because Mr. Pinks had not attempted to be admitted to the district court there was no cure.
 
 
 8
 Plaintiffs argue that Rule 9011 should not be read in this way since the complaint was signed by an attorney. They argue that the defect in the signature should result in a sanction, but should not require the dismissal of the complaint. We disagree. To read Rule 9011 to allow attorneys not authorized to practice before the court to initiate proceedings and file pleadings would be to disregard the express language of Rule 9010. While the parties have cited several analogous cases, none are directly on point.
 
 
 9
 Plaintiffs cite In re Schraiber, 117 B.R. 925 (Bankr.N.D.Ill.1990), where the court refused to dismiss a motion filed by Mr. Schraiber on the grounds that the complaint had not been signed by his attorney. The motion sought to vacate the court's order, which had barred discharge. The order barring discharge was entered on a motion by the trustee that had been stipulated to by Mr. Schraiber's attorney. The motion which sought to vacate the order was signed by Mr. Schraiber and alleged that his attorney acted without his authority in stipulating to the judgment. The court concluded it could dismiss the motion under Bankruptcy Rule 9011 because Schraiber was represented by an attorney at the time of the filing and, therefore, the motion should have been signed by the attorney. However, the court held that, "[i]f an attorney truly stipulated to a judgment to bar discharge without authority from his client, it would be a misapplication of Rule 9011 to use it to bar a motion by the client to obtain redress." Id. at 932.
 
 
 10
 In the present case, neither plaintiff signed the complaint, and there is no policy reason to justify a "bending" of Rule 9011 to allow the improperly filed complaint to stand. The purpose of requiring an attorney to be authorized to practice in a particular court is not to benefit lawyers who are duly authorized, but to protect citizens and litigants against mistakes of the ignorant on the one hand and machinations of unscrupulous persons on the other. Niklaus v. Abel Constr. Co. 83 N.W.2d 904 (Neb.1957). While in this case the plaintiffs may indeed be harmed by the dismissal of their case, the alternative of allowing the complaint to stand as submitted would encourage other attorneys to file suit in jurisdictions where they are not admitted to practice, creating the potential for harm to other plaintiffs.
 
 
 11
 Plaintiffs argue that, even though there was a violation of Rule 9010, dismissing the complaint was too severe a sanction. Plaintiffs cite Stevens v. Gertz, 103 F.Supp. 760 (W.D.Mich.1952), where the court refused to dismiss a complaint even though it had been signed by two attorneys not authorized to practice in the district where the complaint was filed. The court held that to dismiss the suit would penalize the litigant rather than his attorneys. The court allowed the suit to proceed, but ruled that plaintiff's attorneys could not continue to represent him unless within 20 days they obtained permission to prosecute the action under the local rules. See also MacNeil v. Hearst Corp., 160 F.Supp. 157 (D.Del.1958) (giving corporate plaintiff 30 days to appear by counsel in accordance with rules, i.e., by counsel admitted to practice in that court). Unlike the present case, in Stevens the plaintiff had verified the complaint, and the court specifically found that the only penalty resulting from violation of the local rule was that the attorney "shall be guilty of contempt of court and subject himself to appropriate punishment therefore." Here, the bankruptcy rules provide the sanction of dismissal if a complaint is not signed and the defect is not promptly cured.
 
 
 12
 We believe the Supreme Court has squarely addressed the argument of the harshness of dismissing a complaint due to attorney error, albeit in a different context. In Link v. Wabash R.R., 370 U.S. 626 (1962), the district court had dismissed sua sponte the pending action for failure to prosecute. On appeal, plaintiff argued that dismissal was too severe a sanction.
 
 
 13
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."
 
 
 14
 Id. at 633-34 (1962) (citation omitted). The Court went on to explain that keeping the "suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Id. at 634 n. 10. In the present action, we decline to reverse the courts below solely on grounds of unfairness.
 
 
 15
 We recognize that under certain circumstances courts have required a district court to waive the requirements of admission to a particular court. In Lefton v. Hattiesburg, 333 F.2d 280 (5th Cir.1964), an action involving alleged violations of civil rights, the clerk of the district court refused to accept a removal petition on the grounds that it was not in compliance with local court rules requiring pleadings be signed by a member of the district bar. While it was not disputed that the removal petition was not signed by a member of the bar of the Southern District of Mississippi, plaintiffs' attorney stated that no local counsel would sign the pleadings with him. The Fifth Circuit held that under these circumstances the local rule should be waived. The court said that where the basic public interest involved is the protection of the fundamental constitutional rights of the petitioners, courts must give special heed to permit neither indirect nor direct means to bar litigants from resorting to the courts to vindicate their legal rights. The court went on to say that, where the litigation was not brought for private gain, any regulation of the practice of law must show sufficient substantial regulatory interest to justify the potential and actual inhibitory effects of the regulation on the constitutionally protected right to litigate.
 
 
 16
 The present case does not involve the protection of a fundamental constitutional right of the plaintiffs and, to date, there has been no explanation why the complaint was not signed by an attorney authorized to practice in federal district court in the Eastern District of Michigan or why Mr. Pinks never attempted to become admitted even after the complaint was filed and the defect was brought to his attention. Dismissal of the case under these circumstances would be an appropriate sanction. As the Supreme Court noted in approving the dismissal of a complaint because of the actions of plaintiff's counsel, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Link, 370 U.S. at 634 n. 10.
 
 III.
 
 17
 Plaintiffs argue that, even if dismissal were appropriate because of counsel's failure to be admitted to practice in the Eastern District of Michigan, dismissal should not have been granted because local counsel was retained and subsequently substituted. Plaintiffs argue that local counsel, by appearing at hearings and conducting discovery, adopted the pleadings, implicitly at least, and thus any defect was promptly cured.
 
 
 18
 Plaintiffs cite In re McGuff, 3 B.R. 66 (Bankr.S.D.Cal.1980), for the proposition that when a defect in a pleading is cured dismissal is inappropriate. We agree with the rule that when a defect is promptly cured dismissal is an inappropriate sanction. The defect in McGuff was the failure of either counsel or the parties to sign the complaint. In holding that the complaint should not be dismissed, the court specifically noted that "[t]he proposed amended complaint would appear to solve this problem if it is properly signed when filed...." Id. at 70. In the case at bar, plaintiffs have not sought to amend the complaint to correct the defect, nor have they offered any sort of certification of the good faith filing of the pleading in accordance with the requirements of Bankruptcy Rule 9011, which parallel the requirements of Rule 11 of the Federal Rules of Civil Procedure.
 
 
 19
 In Daewoo Electronics Co. v. United States, 655 F.Supp. 508 (Ct.Int'l Trade 1987), the court found that because the defect was promptly cured the complaint was not void and therefore refused to strike the complaint. In Daewoo, the defect was identical to the defect in the present action--the attorney who signed the complaint was not authorized to practice before that court. In Daewoo, it was undisputed that, upon realizing that he was not a member of the CIT bar, the attorney promptly applied for admission, requested accelerated consideration, and was subsequently admitted. In the present case, Mr. Pinks never even filed an application for admission, and no explanation has ever been offered for his failure to do so.
 
 
 20
 Thus, we are faced squarely with the question of whether the substitution of counsel was a sufficient cure when there was no amended complaint containing the signature of the new counsel who was authorized to practice in that court and no written adoption of the pleadings. We do not believe that mere retention of local counsel without more is sufficient to cure a defective signature on a pleading.
 
 
 21
 However, in the present case, local counsel assumed the duties of representation and was treated by defendant as counsel for plaintiff. Local counsel appeared at a pretrial conference, held only four days after the letter from defendant's counsel notifying plaintiffs of the defect in the complaint.[2] Formal substitution of counsel was then recorded. The parties continued to prepare for trial, taking depositions and conducting discovery. Discovery had been completed prior to the hearing on the motion to dismiss, and the hearing was conducted only one week prior to the date set for trial. Indeed, it was local counsel who appeared before the bankruptcy court to argue against the motion to dismiss. Certainly plaintiffs believed that retention and substitution of local counsel had cured any defect in the complaint. When the court ruled on March 11, 1992, implicitly finding that the retention of local counsel was not sufficient to cure the defect, it seemed to think that under the circumstances of the case it had "no discretion but to dismiss this adversary complaint...." (App. 194.) Under Bankruptcy Rule 9005, entitled "Harmless Error," the bankruptcy court has the discretion to "order the correction of any error or defect or the cure of any omission which does not affect substantial rights." This was an appropriate case for the use of that rule.
 
 
 22
 Plaintiffs were reasonable, although erroneous, in assuming that they had cured the defect promptly. It was an abuse of discretion not to afford plaintiffs an opportunity to properly cure the defect in the complaint by filing an amended complaint with local counsel's signature or submitting a signed certification that local counsel ratified and adopted the complaint for purposes of Rule 9011. See, e.g., Stevens v. Gertz, 103 F.Supp. 760; MacNeil v. Hearst, 160 F.Supp. 157. Counsel's violations of the rules can be appropriately addressed by the imposition of lesser sanctions.
 
 
 23
 Therefore, we REVERSE and REMAND this case for further proceedings.
 
 
 
 [1]
 There is no record of objection made by debtor's counsel to the appearance of Ms. Harris on plaintiffs' behalf at the pretrial conference, or thereafter
 
 
 [2]
 Defendant argues that his answer to plaintiffs' complaint notified plaintiffs of the defect. In the list of affirmative defenses, the answer includes: "The Complaint is defective under Bankruptcy Rule 9011 and is null and void for all purposes, including the Statute of Limitations." We do not believe that this effectively put plaintiffs on notice that the complaint failed to comply with Bankruptcy Rule 9010