**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UVALDO J. VELASQUEZ,

      Plaintiff-Appellant,

v.

WILLIAM J. CLINTON, President
United States of America; GARY
JOHNSON, Governor of New Mexico,
in their capacities to faithfully execute
the law,

      Defendants-Appellees.

No. 99-2243
(D.C. No. CIV-98-291-SC/LCS)
(New Mexico)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Uvaldo Velasquez brought this action pro se claiming he is a direct and sole descendant of Pedro Martin Serrano, the original land-grant grantee to the Piedre Lumbre Land Grant located within the State of New Mexico. Although he claims he was only able to prove his lineage within the last year, Mr. Velasquez has believed for over forty years that he has the right to sole ownership of this property as Serrano's sole descendant. Mr. Velasquez' complaint states that New Mexico and United States officials have conspired to divide, sell, and occupy this land in violation of his property and civil rights.

Construing the complaint liberally, the district court determined Mr. Velasquez was stating a quiet title cause of action, a civil rights cause of action against Gary Johnson, Governor of New Mexico, and a *Bivens* cause of action against William Clinton, President of the United States. Assuming without deciding that Mr. Velasquez could overcome the immunity issues involved, the district court held all causes of action barred by their respective statutes of limitation. The district court dismissed Mr. Velasquez' complaint with prejudice on March 10, 1999. On March 29, Mr. Velasquez filed a "motion for reconsideration" which the district court treated as a motion filed pursuant to Fed. R. Civ. P. 60(b) since it was filed more than ten days after March 10. That motion was denied on July 12, and Mr. Velasquez filed this appeal on August 2.

The Rule 60(b) motion filed by Mr. Velasquez did not affect the finality of

-2-

the district court's original judgment entered on March 10. *See* Fed. R. Civ. P. 60(b). A Rule 60(b) motion can be granted only if the district court finds a problem in the proceedings such as mistake, excusable neglect, or fraud. *Id.* Mr. Velasquez' appeal from the denial of the Rule 60(b) motion raises for review only the district court's denial of that motion, not the underlying judgment itself. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992). By not filing a timely notice of appeal from the district court's March 10 order, Mr. Velasquez has waived his appeal of that order.[1] *See V.T.A., Inc. v. AIRCO, Inc.*, 597 F.2d 220, 223-24 & n.7 (10th Cir. 1979). However, because Mr. Velasquez did file a timely notice of appeal of the district court's denial of his Rule 60(b) motion, we thereby have jurisdiction to review that denial.[2] *See id.* at 223. We review the

---

[1]Mr. Velasquez would have been able to appeal the merits of the district court's March 10 order had he filed a timely notice of appeal. Mr. Velasquez stated in his Rule 60(b) motion that he was objecting to the errors of law committed by the district court in its final judgment "to preserved [sic] the issue for purposes of appeal." Rec., Doc. 33, ¶¶ 1, 2, 5. The motion he filed was deficient as a notice of appeal, however, because it failed to name the court to which the appeal would be taken. *See* Fed. R. App. P. 3(c)(1)(C). Despite Mr. Velasquez' pro se status, we cannot read the motion that he filed as a notice of appeal. *See*, *e.g.*, *Smith v. Barry*, 502 U.S. 244, 248 (1992) (document must give notice required in Rule 3 to be effective as a notice of appeal); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]ppellant's pro se status does not excuse the obligation . . . to comply with fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[2]Mr. Velasquez has filed a motion with this court to disallow the appearance of the New Mexico Attorney General due to her defense of state officers involved in an allegedly seditious conspiracy to allow occupation of the Piedre Lumbre Land Grant. This argument is patently without merit and the

denial of a Rule 60(b) motion for an abuse of discretion. *See id.*

Mr. Velasquez first claims the district court made a substantive mistake in determining the causes of action stated in his complaint. We construe this claim under Rule 60(b)(1). *See, e.g., Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Mr. Velasquez argues his complaint did not state causes of action against the United States or the New Mexico governments as entities, but rather that he was suing the President of the United States and the Governor of New Mexico for being "derelict in their duties" by allowing insurgent claims upon his property. Since there is no private cause of action for "dereliction of duty" by either of these officials, the district court did not commit any mistake of law or fact when interpreting the complaint. Moreover, a *Bivens* action against the federal defendant and a civil rights action against the state defendant closely approximate the private cause of action Mr. Velasquez seeks.[3] Since those two causes of action were analyzed by the district court in its original judgment, the district court was correct in denying the Rule 60(b) motion on that basis.

Mr. Velasquez also claims the statutes of limitation should not be held against him for two reasons: (1) the state and federal governments took advantage

motion is **DENIED**.

[3] We note the government suggests in its brief that a quiet title action, while inappropriate against the United States, may be appropriate against the present private owners of the land at issue. *See* Aple's Br. at 10. We take no position on this suggestion.

of the disarray of public records to fulfill their furtive designs for land parcels; and (2) the defendants concealed his injuries from him via disorganized public records, making his injury inherently unknowable. Reading Mr. Velasquez' Rule 60(b) motion liberally, this claim can be construed as brought for fraud and misrepresentation committed on the court under Rule 60(b)(3).

Relief under Rule 60(b)(3) may be granted only when the motion is substantiated by clear and convincing evidence that the defendants "acted with 'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). The burden is on the movant to establish fraud and to show the movant would have had a good claim or defense in the main action. *See Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972). Mr. Velasquez' arguments regarding fraud were general in nature and lacked specific allegations against the named defendants. The district court certainly did not abuse its discretion by denying the motion on this basis as well. *See, e.g., Jennings v. Hicklin*, 587 F.2d 946, 948 (8th Cir. 1978).

The district court order of July 12 is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge