Kathleen K. WILKIN, Appellant,

v.

SUNBEAM CORPORATION, Appellee.

No. 8504.

United States Court of Appeals
Tenth Circuit.

April 20, 1967.

Rehearing Denied June 12, 1967.

John H. Widdowson, Wichita, Kan. (Everett C. Fettis and Robert C. Allan, Wichita, Kan., with him on brief), for appellant.

Malcolm Miller, Wichita, Kan. (Robert C. Foulston, Wichita, Kan., George R. Clark and Walther E. Wyss, Chicago, Ill., with him on brief; Foulston, Siefkin, Powers, Smith & Eberhardt, Wichita, Kan., and Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This action is based on a species of fraud.[1] The appellant complains that the appellee obtained secret information, in the nature of a trade secret, given in confidence, and used by appellee for its benefit and to the appellant's damage.

The appellant, Wilkins, is a school teacher, housewife and homemaker who conceived a device novel to her.

The appellee, Sunbeam, is a corporation which manufactures and distributes appliances on a national scale.

The appellant, assisted by her husband, had a device constructed by tradesmen, which cooked sandwiches, pies and other delicacies containing fillers. The appellant believed this sandwich maker was novel. The device proved attractive to friends and associates, and inspired appellant to write letters to several organizations similar to appellee who were national manufacturers and distributors of household appliances. The letters advised that appellant had made an application for patent, and offered to send a copy of the application if there was an interest. Appellee's answer to the solicitation said: "Since you have filed a patent application on this device, we would be pleased to receive it to determine whether or not we would be interested in acquiring any rights therein." Appellant, upon receipt of the answer, immediately replied that her husband would deliver a copy of the application to appellee in Chicago and give a demonstration of the device.

Shortly after the demonstration, the appellee wrote appellant returning the application and advising it had no inter-

---

1. Reynolds v. Whitin Mach. Works, 167 F.2d 78, 87 (4 Cir. 1948); Carter Products Inc. v. Colgate-Palmolive Co., 214 F. Supp. 383, 394 (D.Maryland 1963).

est because a promotion campaign required would be too large a project.

The husband of appellant gave a copy of the application and demonstrated the device to another organization on his return trip from Chicago. This presentation was also rejected. Other appliance organizations received copies of the application but no one evidenced an interest.

Some time subsequent to the above transactions, appellee embarked upon a project to manufacture and distribute an electric party grill which accomplished many of the same results as the appellant's device. Appellee had retained a copy of appellant's device in its files and also the name and address of appellant's patent attorney.

Appellee obtained the services of an investigator to determine the status of appellant's patent application and whether or not the device was being commercially produced and distributed. The investigator solicited this information from appellant's attorney without disclosing his connections with appellee. The investigator used a registered assumed name,[2] indicated he was personally interested, and that he had an undisclosed principal who was interested. The information requested was given.

The automatic electric grill of appellee was placed on the market and when the appellant heard of it and saw it, this action ensued.

■ ■ The cases relied upon by appellant in her brief each involved the infringement of patents. This action is not a patent infringement action because a patent has not been granted. It is an action alleging the misappropriation of confidential information. The appellant has no right of action for damages to property rights established by virtue of the patent laws because a patent was not granted.[3]

"The general equitable right of plaintiff in an action solely and exclusively of that nature [claim pleaded in the complaint that a confidential relation existed, that in wrongful disregard of the relation, defendant obtained a patent on the invention of the plaintiff] is independent of the patent laws." Cummings v. Moore, 202 F.2d 145, 147 (10 Cir. 1953).

■ The distinction between patent infringement and breach of confidence is that the cause accruing in the latter is in the nature of purloining another's idea and is a species of fraud.[4]

■ On the issue of liability for alleged appropriation of another's idea, the essential elements which a claimant is required to establish as a prerequisite to a right to relief are: "(1) that the idea disclosed must be novel, (2) that it must be made in confidence and (3) that it must be adopted and made use of by the defendant. [Citations omitted]." Mitchell Novelty Co. v. United Manufacturing Co., 199 F.2d 462, 465 (7 Cir. 1952); De Filippis v. Chrysler Corp., 53 F.Supp. 977; aff'd 159 F.2d 478 (2 Cir. 1947); Smoley v. New Jersey Zinc Co., 24 F.Supp. 294, aff'd 106 F.2d 314 (3 Cir. 1939).

■ These elements were recognized as the basic issues at all stages of the trial. Appellant contends, however, the surreptitious obtaining of information by the investigator after the initial disclosure is a factor which eliminates the above elements of liability. She maintains the acquisition of readily obtainable information entitles her to relief if acquired by "deception, misrepresentation, and concealment." We cannot find

2. Permissible under New York Statutes.

3. Gayler v. Wilder, 10 How. 477, 51 U.S. 477, 13 L.Ed. 504; Muskegon Piston Ring Co. v. Olsen, 307 F.2d 85, 89 (6 Cir. 1962).

4. Supra, note 1. A person may protect his ideas while his patent application is pending and before his exclusive rights have vested due to the issuance of a patent by maintaining an action for the wrongful appropriation of trade secrets. II Deller's Walker on Patent, 1963 Cumulative Supp. p. 266, ¶ 3, and the cases cited therein.

authority for this assertion, nor was any cited in appellant's brief.[5]

In addition, appellant has not identified a new trade secret or specific novel idea which could have as its origin the information gained by the investigator in the latter part of 1958.

■ Therefore, we can only consider the elements stated above.[6] The jury resolved these issues against the appellant. The uncontroverted evidence reveals that the principles incorporated in appellant's device were known to the industry prior to appellant's application for patent and therefore there was no trade secret which could be disclosed.[7]

■ Appellant herein claims error in that the court failed to grant her motion for summary judgment, failed to grant a motion for a directed verdict, and failed to grant a motion for judgment notwithstanding the verdict.

"The theory underlying a motion for summary judgment is, however, substantially the same as that underlying a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trier of the facts, and that the movant is entitled to judgment on the law applicable to the established facts." 6 Moore Fed.Prac. § 56.04[2] at 2066.

"A motion for judgment notwithstanding the verdict is actually merely a renewal of a previous motion for a directed verdict as to which the court has reserved decision. Thus, the standard is the same for both motions as to when they should be granted. Motions of this kind raise the question whether there is or was any substantial evidence to take the case to the jury. Since, if granted, they deprive the party of a determination of the facts by a jury, they should be cautiously and sparingly

granted. The court may not substitute its judgment on a question of fact for that of the jury, nor direct a verdict because the evidence decidedly preponderates for the moving party." 2B Barron & Holtzoff, Fed.Prac. and Proc., § 1075, at 375, 378 (Rules ed. 1961).

Because of the similarity of the three motions, we shall consider them together. This court has often said, " * * * In passing on a motion for a directed verdict he [the trial judge] must view the evidence in the light most favorable to the opposing party. Although a scintilla of evidence is not sufficient to justify submitting a case to the jury, a verdict may not be directed unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made." Christopherson v. Humphrey, 366 F.2d 323, 325–326 (10 Cir. 1966). See also Hardware Mutual Ins. Co. v. Lukken, 372 F.2d 8 (10 Cir. Jan. 1967).

After applying the law and the evidence to the standard enunciated, we cannot say that the appellee herein has shown no defense to the claims propounded by the appellant.

■ Appellant's motion for a new trial was denied. "A motion for new trial is addressed to the sound discretion of the trial court, and the granting or denial of such a motion will not be disturbed on appeal except for manifest abuse of discretion. [Citations omitted]." McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 410 (10 Cir. 1965). We conclude that there was no abuse of discretion.

Appellant alleges failure of the court to properly instruct the jury under her requested instructions. It is also al-

5. Seismograph Service Corp. v. Offshore Raydist Inc., 135 F.Supp. 342, aff. 263 F.2d 5 (5 Cir. 1958), upon which appellant so heavily relies, was an action to enjoin infringement of a patent obtained by fraudulent means. The language of the opinion upon which appellant relies was used in support of the court's conclusion that the plaintiff therein had unclean hands and therefore was not entitled to relief.

6. Supra (Mitchell Novelty Co. v. United Manufacturing Co., 199 F.2d 462, etc.).

7. Baum v. Jones & Laughlin Supply Co., 233 F.2d 865, 870 (10 Cir. 1956).

leged that the judgment of the court is contrary to the evidence and the law.

In line with counsel's request, we have obtained Vol. VI of the transcript of the afternoon session of May 27, 1965 for review. A review of those portions of the record regarding the instructions directs us to call attention to the admonitions contained in Dunn v. St. Louis-San Francisco Railway, etc., 370 F.2d 681, 683 (10 Cir. 1966).

■ The three proposed instructions wherein error is alleged because the trial court refused to give them could not have affected the jury's verdict.

Proposed instruction number two reiterates the elements [8] given in the court's instruction and therefore would have been redundant.

Proposed instruction number three was covered in the court's instruction relative to the issue of confidential disclosure and adds nothing to that instruction.

Proposed instruction number four [9] is covered by the court in its instruction relative to the consideration to be given the defendant's conduct in October, 1958.[10] Any additional effect it might have had is nullified by its concluding sentence, "you are further instructed that if you have found a general verdict in favor of the plaintiff under the issues given you in instruction number two, then this instruction may be disregarded."

Instruction number two to which the proposed instruction referred was the instruction which framed the three issues on trial.[11]

■ The action was not tried, nor were the issues framed in the pre-trial conferences, to establish two or more causes of action.[12] Therefore, an alternative instruction would have been improper. If a finding for one of the parties would nullify the proposed instruction, it must follow that an adverse finding in favor of the other party would also nullify the proposed instruction.

Because no specific argument has been presented which shows how the judgment is contrary to the law and the evidence, and because we have answered all other specific issues raised by appellant, we conclude that the issue "that the judgment of the court is contrary to the evidence and the law" has been answered.

A complete examination of the record with its additions has convinced us the lower court should be affirmed.

Affirmed.

8. The elements to which reference is made appear on page 346, paragraph [4] of this opinion.

9. Proposed Instruction No. 4 provided: "You are instructed that if you find the defendant, Sunbeam Corporation, did by use of improper means in 1958, after having prior knowledge of the Wilkin Device, and before it marketed the Sunbeam Party Grill, obtain from the plaintiff, business information or trade secrets relating to the Wilkin Device, then you shall render a general verdict for the plaintiff without regard to the issues as set forth in Instruction No. 2. You are further instructed that if you have found a general verdict in favor of the plaintiff under the issues given you in Instruction No. 2 then this instruction may be disregarded."

10. Instruction No. 14 provided: "You are instructed that should you find that defendant, by employing improper means in September and/or October, 1958, obtained or acquired business information and the like from plaintiff, then you may consider such fact along with all the other facts and circumstances, you may find to exist in the case in determining whether or not plaintiff disclosed something in confidence to defendant which was novel to defendant and which defendant used in its Sunbeam Party Grill. You are however instructed that one may, without abandoning his own name and without fraudulent intent, do business in an assumed name. There is nothing improper in using an assumed name, or in employing a third party to make inquiries, or in acting for an undisclosed principal."

11. See page 346, paragraph [3] of this opinion.

12. See page 346, paragraph [3] of this opinion.