**Kathleen K. WILKIN, Plaintiff-Appellant,**

v.

**SUNBEAM CORPORATION, Defendant-Appellee.**

No. 72–1058.

United States Court of Appeals,
Tenth Circuit.

Aug. 30, 1972.

Rehearing Denied Oct. 2, 1972.

John H. Widdowson, Wichita, Kan. (Robert C. Allan and Everett C. Fettis, Wichita, Kan., on the brief), for plaintiff-appellant.

Malcolm Miller, Wichita, Kan. (Robert C. Foulston, Wichita, Kan., George R. Clark and Walther E. Wyss, Chicago, Ill., Foulston, Siefkin, Power & Eberhardt, Wichita, Kan., and Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel, on the brief), for defendant-appellee.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This case is here for the third time. Plaintiff-appellant Wilkin seeks review of the trial court's denial of relief under Rule 60(b), F.R.Civ.P.

Plaintiff sued defendant-appellee Sunbeam Corp. alleging that Sunbeam obtained from her secret information concerning a novel device, given in confidence, and used by Sunbeam to its benefit. After trial, judgment was entered for Sunbeam on the jury's verdict. On appeal we affirmed, Wilkin v. Sunbeam Corp., 10 Cir., 377 F.2d 344, and certiorari was denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 464. Later, plaintiff filed a motion in this court for Rule 60 (b) relief. We held that the issues raised were for trial court determination. Wilkin v. Sunbeam Corp., 10 Cir., 405 F.2d 165.

Plaintiff conceived a device for cooking or toasting sandwiches, pies, and other preparations containing fillers. Plaintiff's husband demonstrated the device to Sunbeam which said that it had no interest. Later, Sunbeam made and marketed a device which accomplished many of the results of plaintiff's device. After the filing of the complaint but before trial, the Patent Office rejected plaintiff's application for a patent on the device.

At the trial, it was shown that Sunbeam employed an investigator to determine the status of plaintiff's patent ap-

plication and the commercial use of her device. This phase of the case was submitted for jury consideration. In our first opinion, we held that the issues of novelty, confidential disclosure, and use by Sunbeam were properly presented for jury determination and that its verdict adverse to plaintiff would not be disturbed. 377 F.2d at 346–347.

After our affirmance of the judgment for Sunbeam, attorneys for plaintiff received an anonymous letter purporting to disclose a document from Sunbeam's files. Later, several other anonymous letters with enclosures were received by plaintiff's attorneys and the trial judge. The implications of the letters were that in the course of the trial and antecedent discovery proceedings Sunbeam had withheld documents showing the receipt and use of confidential information.

The trial court was concerned with the claim of fraud made in the Rule 60(b) motion and with the charges and countercharges of unprofessional conduct levied against attorneys connected with the case as advocates or witnesses. With patience and caution, the trial court conducted a series of hearings over a two-year period. In the course thereof, it developed that the author of the anonymous letters was a patent lawyer who had been discharged by Sunbeam. Plaintiff produced an affidavit by the author and Sunbeam countered with affidavits of several of its lawyers.

On July 14, 1970, more than a year and a half after the presentation of the Rule 60(b) motion, the court, on the basis of the pleadings, affidavits, and exhibits, filed a memorandum and order in which it made a careful and painstaking analysis of the claims of the parties and held that the plaintiff's showing was insufficient to entitle her to Rule 60(b) relief. Among other things, the court said: "Mrs. Wilkin simply did not possess the novel idea which was the primary and essential factor of her claims against Sunbeam." The court went on to say that Sunbeam counsel had withheld information which could have disposed of the matter shortly after the anonymous letters were received, and imposed sanctions, in the way of payment of expenses and attorneys' fees, against Sunbeam.

Plaintiff moved for reconsideration and in December, 1970, the court held a two-day hearing at which each party was given full opportunity to produce such evidence and arguments as were wished. Among other things, the author of the anonymous letters and several Chicago counsel for Sunbeam testified. The scope of the examination and cross-examination of witnesses and of the receipt of documents was such that every opportunity was afforded to explore the issues presented. The author of the anonymous letters, when asked by Sunbeam counsel where he got the copies of documents attached to his affidavit, claimed his Fifth Amendment rights and declined to answer.

After the hearing, the court reaffirmed its denial of Rule 60(b) relief and eliminated the sanctions which it had previously imposed against Sunbeam. The court said:

> "Indeed, after hearing the testimony and reviewing for the last time (we hope), the evidence in the case we are convinced that defendant was not guilty of practicing fraud on the Court. Plaintiff and her attorneys were dissatisfied with the result of her claim and her witness gave them an opening to continue the action with the hope that they could get some money from the defendant."

Mindful of the gravity of the charges made by plaintiff, we have examined the record in detail and are convinced that the trial court's careful and methodical analysis thereof is fair, accurate, and complete. It need not be repeated here. After the unnecessarily vituperative charges and countercharges are put aside, the factual bases for plaintiff's claims are (1) the spying activities of Sunbeam, (2) the nonproduction of certain documents, and (3) the allegedly untruthful statements of certain Sunbeam counsel relating to such docu-

ments. The spying activities were presented to the jury in the trial and were considered by this court in its opinion affirming the judgment entered on the jury verdict. 377 F.2d at 346. Nothing more need be said in this regard.

■ Several of the allegedly suppressed documents came from what was known as the Funke file. Pursuant to court order, Sunbeam produced that file at the trial, and plaintiff made no use of it. The trial court held that the documents in question were irrelevant and immaterial to the issues. We agree. The statements of the lawyers presented a credibility issue which the trial court resolved against the plaintiff. We will not review such credibility findings.

■ Plaintiff seeks relief under Rule 60(b) (3) which abolishes the distinctions between extrinsic and intrinsic fraud. Under the rule, a judgment may be set aside for fraud discovered after the entry of judgment. Brady v. Beams, 10 Cir., 132 F.2d 985, 987, cert. denied 319 U.S. 747, 63 S.Ct. 1032, 87 L.Ed. 1702. Relief under the rule may be granted when the application is clearly substantiated by adequate proof. Consolidated Gas & Equipment Co. of America v. Carver, 10 Cir., 257 F.2d 111, 114. A Rule 60(b) motion is addressed to the sound discretion of the trial court, and the burden of establishing fraud is on the movant. Abel v. Tinsley, 10 Cir., 338 F.2d 514, 516; see also Thomas v. Colorado Trust Deed Funds, Inc., 10 Cir., 366 F.2d 136, 139. Also, a showing must be made that the movant would have had a good claim or defense in the main action. See Gomes v. Williams, 10 Cir., 420 F.2d 1364, 1366.

■ Rule 60(b) does not limit a court's power to redress fraud on the court. The term "fraud on the court" is a nebulous concept. A clear example is the corruption of judicial officers. Root Refining Co. v. Universal Oil Products Co., 3 Cir., 169 F.2d 514, 534, cert. denied sub nom. Universal Oil Products v. William Whitman Co., 335 U.S. 912, 69 S.Ct. 481, 93 L.Ed. 444. In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, the Supreme Court extended the concept to a situation where a bogus scientific article was published to affect the outcome of patent litigation. The fabricated article was relied on, at least in part, by the court of appeals in its decision. Hazel-Atlas is an example of fraud which so defiles the court "that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Martina Theatre Corp. v. Schine Chain Theatres, Inc., 2 Cir., 278 F.2d 798, 801, quoting 7 Moore, Federal Practice ¶ 60.33, at 512. We are concerned with documents which both we and the trial court deem irrelevant and with credibility questions which the trier of fact has determined adversely to the plaintiff.

When the case was here the first time we said, 377 F.2d at 347:

"The uncontroverted evidence reveals that the principles incorporated in appellant's device were known to the industry prior to appellant's application for patent and therefore there was no trade secret which could be disclosed."

■ Plaintiff has come forward with no new evidence which would change that holding. She has not sustained the burden of establishing fraud. Nothing which she has presented shows a defilement of the judicial process. The trial court patiently heard everything which she had to offer and with untiring industry analyzed her many claims. The denial of Rule 60(b) relief was not an abuse of discretion. On the record presented we are unable to see how the trial court could have reached any other result.

Affirmed.