**FILED**

**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**February 17, 2015**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE DAWN M. DEY, also known as Dawn M. Jankowski, also known as Dawn M. Cain, <br><br> Debtor. | BAP No.    CO-14-026 |
| JEFFREY L. HILL, Trustee, <br><br> Plaintiff – Appellee, <br><br> v. <br><br> JEFFREY J. JANKOWSKI, <br><br> Defendant – Appellant. | Bankr. No.  11-18439 <br> Adv. No.    13-01138 <br> Chapter    7 <br><br> OPINION[*] |

Appeal from the United States Bankruptcy Court
for the District of Colorado

Before THURMAN, Chief Judge, CORNISH, and JACOBVITZ, Bankruptcy Judges.

THURMAN, Bankruptcy Judge.

Federal Rule of Civil Procedure 60(b)(3) gives courts the power to grant relief from a judgment based on fraud, misrepresentation or misconduct by an opposing party.[1]  Such power requires courts to strike a balance between the

---

[*]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion.  10th Cir. BAP L.R. 8018-6.

[1]    All future references to "Rule" refer to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure; those denominated in a single or double digit are Civil Rules, and those denominated in the thousands are

(continued...)

principles of justice and finality by making certain requisite findings. In this case, the bankruptcy court granted relief from a judgment that it concluded was obtained by the defendant's deceptive trial testimony. That perjurious testimony, however, must have been fraud directed to the judicial machinery itself and must have substantially interfered with the plaintiff's ability fully and fairly to prepare for and proceed at trial in order to constitute misconduct warranting relief from judgment. Absent this finding or something close thereto as we explain below, and because nothing in the record supports such a finding, we believe we are compelled to reverse the bankruptcy court's decision to grant relief.

## I.     FACTUAL BACKGROUND

Dawn M. Dey ("Debtor") filed a Chapter 7 petition on April 14, 2011. On her Statement of Financial Affairs ("SOFA"), she indicated that she had paid her estranged husband, Jeff Jankowski ("Appellant"), $8,100 on March 15, 2011.[2] At the meeting of creditors pursuant to 11 U.S.C. § 341,[3] the Debtor testified that she paid Appellant $8,100 via a cashier's check ("Check") for money he advanced for her rent.[4] Based on the Debtor's SOFA, § 341 testimony, and her bank statement indicating the withdrawal of $8,100 from her account, the Trustee filed an adversary complaint to avoid and recover that transfer as a preference pursuant to §§ 547(b) and 550(a) ("Complaint").[5] The Trustee assumed that Appellant cashed the Check based on the Debtor's disclosures and felt no need to further

---

[1]     (...continued)
Bankruptcy Rules.

[2]     SOFA, *in* Appellee's Appendix ("App.") at 27.

[3]     All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code unless otherwise indicated.

[4]     Motion for Relief From Judgment at 1-2, ¶5, *in* Appellant's App. at 5-6.

[5]     *See* Oct. 30, 2013 Partial Trial Transcript at 14, 25-26, *in* Appellee's App. at 44, 55-56 (the Trustee's summary of the Debtor's § 341 testimony).

investigate the transfer by obtaining the Check or a copy of a bank-processed check ("Canceled Check") prior to trial; and thus, he did not offer such into evidence at trial.[6]

Appellant, *pro se*, timely filed an answer, generally denying the allegations in the Complaint based on lack of knowledge regarding the Debtor's bankruptcy filings and the Complaint's lack of documentary proof.[7] The parties participated in discovery and motion practice, including a motion *in limine* based on spousal privilege.[8] Nothing in the record indicates whether Appellant ever requested the production of the Check or the Canceled Check from the Trustee.

A trial on the merits was held on October 30, 2013 ("Preference Trial"). The Debtor, the Trustee, and Appellant testified.[9] Exhibits admitted into evidence were the Debtor's bank statement and SOFA, Appellant's bank statements, and a summary prepared by Appellant.[10]

Consistent with her § 341 testimony, the Debtor testified that approximately a month before she filed for bankruptcy, she withdrew funds from her bank that she received from the Internal Revenue Service and paid Appellant

---

[6]     *Id.* at 26, *ll.* 6-11, *in* Appellant's App. at 56 ("Well, certainly given the disclosures she gave in her testimony, I didn't think there was a need to make further investigation, no. . . [I] [m]ade no investigation whether or not it was cashed."). The Debtor, however, made no disclosures regarding how the Check was delivered to Appellant. *Id.* at 25: *l.* 23, *in* Appellant's App. at 55 ("She did not disclose how [the Check] was delivered.").

[7]     Adversary Docket at 16, Dkt. No. 5, *in* Appellee's App. at 24. For example, in paragraph 9 of the Complaint, the Trustee alleged: "In response to Question 3(c) on her Statement of Financial Affairs, filed, April 14, 2011, the Debtor disclosed making a payment of $8,100.00 [] to the Defendant on March 15, 2011." Appellant answered: "[he] was not a party to the proceedings and cannot confirm or deny Debtors responses on the Statement of Financial Affairs. Trustee has provided no such documents in their complaint."

[8]     *Id.*, Dkt. Nos. 8-35, *in* Appellee's App. at 21-24.

[9]     Oct. 30, 2013 Trial Transcript Index, *in* Appellee's App. at 32.

[10]     *Id.*

-3-

$8,100 via a cashier's check to repay him for six months of rent.[11] She testified that she did not recall if she mailed or handed the Check to him, or whether he ever mentioned not receiving the Check.[12] She acknowledged that she was unable to pay her debts at the time she filed for bankruptcy.[13]

Appellant presented his bank statements, along with a summary, "to show that there was no deposit in any of [his] accounts of the cashier's checks [sic] nor was there an $8,100 cash deposit."[14] He argued that "since none of the statements show a deposit of an $8100 cashier's check, it was obviously not deposited in any of [his] accounts. If it were cashed, there would be cash transactions of $8100 put into the bank which is not in any of the statements."[15] He also argued that there was no debt:

> Throughout this process, I have been trying to get proper information to show that this debt was mine. There was no agreement about there being back rent paid and if I would have – if they would have just provided a cancelled cashier's check, I would have had the defense to determine if that check was cashed by me, to have the signature analyzed. That's been barred from me because they neglected to provide a cancelled cashier's check.[16]

On November 14, 2013, the bankruptcy court orally made its findings of fact and conclusions of law in open court on the preference proceeding.[17] The bankruptcy court found that "the Trustee had proven. . . all elements of an

---

[11] Partial Transcript of Oct. 30, 2013 Trial at 53, *ll*. 22-25, at 54, *ll*. 1-2, *in* Appellant's App. at 194-95.

[12] *Id.* at 55-56, *in* Appellant's App. at 196-97.

[13] *Id.* at 57, *in* Appellant's App. at 198.

[14] *Id*. at 66, *in* Appellant's App. at 175.

[15] *Id.* at 70, *ll*. 15-19, *in* Appellant's App. at 179.

[16] *Id*. at 80, *ll*. 6-13, *in* Appellant's App. at 189.

[17] A transcript of this oral ruling was not provided to this Court.

avoidable preferen[tial] transfer save one"[18] – whether Appellant ever in fact received the Check from the Debtor.[19] Accordingly, the bankruptcy court entered judgment against the Trustee and in Appellant's favor on the Trustee's preference claim on November 20, 2013 ("Original Judgment").[20]

Posttrial, the Trustee obtained a copy of the Canceled Check from the Debtor's bank. The Canceled Check contained an endorsement signature of Jeff Jankowski with a notation of his driver's license information.[21] Based on the Canceled Check, the Trustee filed a motion for relief from judgment pursuant to Rule 60(b)(3) on March 3, 2014 ("Motion"), asserting Appellant committed fraud upon the court when he falsely testified at the trial that he never received the Check.[22]

The bankruptcy court held an evidentiary hearing on the Motion on June 10 and 11, 2014. Appellant and his handwriting expert, Mark Songer, testified.[23] Songer testified that in his opinion, Appellant did not write the endorsement signature on the Canceled Check.[24] At the close of evidence, the bankruptcy court found: 1) Appellant's and his expert's testimony about the endorsement on the Check were not credible, and 2) the court had in fact been misled by Appellant's

---

[18] *See* Partial Transcript of June 11, 2014 Oral Ruling at 2, *ll.* 19-21, *in* Appellant's App. at 17.

[19] *Id., ll.* 21-24.

[20] Judgment dated November 20, 2013, *in* Appellant's App. at 3.

[21] Canceled Check, *in* Appellant's App. at 140.

[22] Motion at 3, ¶¶ 16-17, *in* Appellant's App. at 7.

[23] A full transcript of that hearing was not provided to this Court. A partial transcript containing the expert's testimony and the court's ruling, however, was provided.

[24] Partial Transcript of June 10, 2014 Hrg at 8, *ll.* 11-13, *in* Appellant's App. at 155.

testimony at the original trial.[25]  It then concluded that Appellant's testimony contained misrepresentations that constituted misconduct by a party warranting relief from judgment.[26]  On June 16, 2014, the bankruptcy court vacated the Original Judgment, granted the Motion, and entered judgment in favor of the Trustee and against Appellant in the amount of $8,100 ("Relief Judgment").[27] Appellant appeals the Relief Judgment.

## II.    APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[28] Appellant has timely filed a notice of appeal from the Relief Judgment, which is a final order for purposes of appeal.[29]  The parties have consented to this Court's jurisdiction by not electing to have the appeal heard by the United States District Court for the District of Colorado.[30]  This Court, therefore, has appellate jurisdiction over this appeal.

---

[25]    Transcript of June 11, 2014 Oral Ruling at 5, *in* Appellant's App. at 20.

[26]    *Id.* at 5-6, *in* Appellant's App. at 20-21.

[27]    Judgment dated June 16, 2014, *in* Appellant's App. at 4.

[28]    28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); FED. R. BANKR. P. 8002.

[29]    *Stubblefield v. Windsor Capital Grp.*, 74 F.3d 990, 994 (10th Cir. 1996) (order granting a Rule 60(b) motion reviewable if at some point after granting the motion, the district court entered a final decision resolving the litigation); *Lassman v. Keefe (In re Keefe)*, 401 B.R. 520, 523 (1st Cir. BAP 2009) (describing a bankruptcy court's judgment in a fraudulent transfer adversary proceeding as the quintessential final order).

[30]    28 U.S.C. § 158(c)(1);  FED. R. BANKR. P. 8005; 10th Cir. BAP L.R. 8005-1.

## III.   ISSUE AND STANDARD OF REVIEW

This Court reviews an order granting relief from judgment under Rule 60(b) for an abuse of discretion.[31]  Under this standard, a trial court's decision will not be reversed unless its ruling is based on an erroneous conclusion of law or relies on clearly erroneous factual findings.[32]  "We must carefully scrutinize the [trial] court's exercise of its discretion, but 'we may not . . . substitute our own judgment for that of the trial court.'"[33]  Additionally, our review is limited to the propriety of that grant of relief and does not extend to review of the underlying judgment itself.[34]

## IV.   DISCUSSION

Appellant argues that the bankruptcy court erred in granting relief from judgment under Rule 60(b)(3) because: 1) the challenged behavior did not impede the Trustee's presentation of his case and did not constitute misconduct warranting relief from judgment; 2) the Canceled Check was not newly discovered evidence; and 3) Appellant's handwriting expert's testimony and report were misconstrued and improperly disqualified.  We begin our analysis with a review of Rule 60(b) in general.  Given the allegations in the Motion, we will also review the nature of "fraud on the court" as it has been recognized by the courts.[35]  We then address the standard required to grant relief under Rule 60(b)(3) and whether the bankruptcy court's ruling is consistent with that

---

[31]     *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996).

[32]     *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

[33]     *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998) (citation omitted).

[34]     *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[35]     We recognize that the bankruptcy court did not make any "fraud on the court" findings.  Nonetheless, given the allegations in the Motion, we believe disposition of this appeal requires an understanding of that concept.

standard.[36]

Our circuit, the Tenth Circuit Court of Appeals ("Tenth Circuit"), has stated that Rule 60(b) gives courts a "'grand reservoir of equitable power to do justice in a particular case.'"[37] The general purpose of Rule 60(b) is to strike a balance between the equitable principles of justice and finality.[38] Finality is based on the concept that "where a reasonable opportunity has been afforded to the parties to litigate a claim before a court having jurisdiction, and the court has finally decided the controversy, the interests of the public and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them."[39]

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.[40] "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[41] The Trustee specifically sought relief under Rule 60(b)(3), which allows a court to relieve a party from a final judgment based on fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(3)'s aim is to provide relief from judgments that were unfairly obtained, rather than those that are factually

---

[36] Our ruling on this issue renders Appellant's remaining arguments moot. Thus, we need not discuss whether the Canceled Check must be newly discovered evidence or whether the bankruptcy court erred in its treatment of evidence.

[37] *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.3d 538, 542 (2d Cir. 1963)).

[38] *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 226 (10th Cir. 1979) (Rule 60(b) must be interpreted so as not to disturb the "delicate balance between finality of judgment and justice that Rule 60(b) seeks to maintain.").

[39] *Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1265 (10th Cir. 1995) (citing RESTATEMENT OF JUDGMENTS (FIRST) § 1 (1942)).

[40] *Gledhilll*, 76 F.3d at 1080.

[41] *Van Skiver*, F.2d at 1243-44.

incorrect, which may be remedied under subsections (b)(1) or (2).[42]

Rule 60(b)(3) encompasses a wide range of circumstances.[43] Rule 60(b)(3) permits a court to grant relief from a judgment not only for fraud on a party but also for fraud on the court.[44] A court also may grant relief from a judgment for fraud on the court under Rule 60(d)(3), which states, "This rule does not limit a court's power to . . . (3) set aside a judgment for fraud on the court." Rule 60(b)(3) and Rule 60(d)(3) are two distinct bases for postjudgment relief. The former must be brought within a year after the entry of the judgment and requires the perpetrator be an opposing party. Although they are distinct, they also may overlap in that fraud on the court claims may be raised in a Rule 60(b)(3) motion as well as in a Rule 60(d)(3) motion.[45]

Under Tenth Circuit precedent, the same standard applies to establish fraud on the court under Rule 60(b)(3) and 60(d)(3). In *Zurich North America. v. Matrix Service, Inc.*, after recognizing that other circuits have applied a lesser standard to claims of fraud under Rule 60(b)(3) than under Rule 60(d)(3), the Tenth Circuit determined that Tenth Circuit precedent required it to apply the same standard to such misconduct claims asserted under either subsection of Rule

---

[42]     *Zurich North America. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

[43]     21A FED. PROC., LAWYERS ED., § 51:145 (Karl Oakes, ed., Dec. 2014) (listing Rule 60(b)(3) examples and exclusions).

[44]     *Zurich,* 426 F.3d at 1291 (noting courts have allowed parties to file a claim for fraud on the court under subsection (b)(3), citing *Gonzalez v. Sec'y for Dept of Corr.*, 366 F.3d 1253, 1259 (11th Cir. 2004) ("A claim that the State had perpetrated a fraud on the federal court in order to obtain the judgment denying the habeas petition could be raised in a Rule 60(b)(3) motion.") *aff'd by Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

[45]     *Id.* at 1291. *See also Perkins v. Fed. Fruit & Produce Co., Inc.*, 945 F.Supp.2d 1225, 1274 n.36 (D. Colo. 2013) (noting fraud by an opposing party and fraud on the court at times may overlap).

60.[46]  Likewise, we must do the same.  Thus, cases defining "fraud on the court" under Rule 60(d)(3) apply in determining a claim under Rule 60(b)(3) based on some type of deception on the court, as alleged in this case.

Almost all of the principles that govern a claim of fraud on the court come from the Supreme Court case *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*[47] a case not cited by any of the parties to this matter.  In that case, Hartford obtained and enforced a patent on a glass-molding machine with the aid of an article written by its attorneys and officials, but published the article under the name of a supposedly disinterested expert.  Both the Patent Office, in granting the patent, and the Third Circuit Court of Appeals, in upholding its validity, had relied in part on the article.  On appeal, the Supreme Court held that the judgment must be vacated because every element of the fraud disclosed demanded the exercise of the power to set aside the fraudulently begotten judgment.[48]  The Supreme Court found conclusive proof of a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals.[49]  It also noted that the fraud involved far more than an injury to a single litigant, but was a wrong against the institutions set up to protect and safeguard the public.[50]  Thus, fraud on the court requires conclusive proof of 1) the fraud, 2) intent to defraud, and 3) an injury to more than a single litigant that assaults the integrity of the judicial process.

---

[46]  *Zurich*, 426 F.3d at 1291, n.8 (referencing *Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999)).

[47]  322 U.S. 238 (1944).

[48]  *Id.* at 245.

[49]  *Id.* at 245-46.

[50]  *Id.* at 246.

A leading treatise has identified the following principles from *Hazel-Atlas*: 1) every court has the inherent power to vacate a judgment that has been obtained by fraud upon the court; 2) the court that was the victim of the fraud should consider the matter; 3) a court may *sua sponte* proceed on its own motion; 4) there is no time limit on setting aside a judgment on this ground, nor can laches bar consideration of the matter; and 5) it does not matter whether a party bringing the fraud to the court's attention has clean hands.[51] Some courts have construed *Hazel-Atlas* as requiring attorney involvement in the perjury to constitute fraud on the court.[52]

Courts and commentators agree that "fraud on the court" is a nebulous concept.[53] In *Bulloch v. United States,*[54] the Tenth Circuit defined fraud on the court (other than fraud as to jurisdiction) as "fraud which is directed to the judicial machinery itself *and is not* fraud between the parties or fraudulent documents, false statements or *perjury*."[55] The Tenth Circuit also provided an exclusion and an example – allegations of nondisclosure in pretrial discovery do not support an action for fraud on the court, but where the court or a member is corrupted or influenced or influence is attempted or where the judge has not

---

[51]    11 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2870 (3d ed. 2014).

[52]    *Id.*; *Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.D.C. 1969) ("[W]e believe the better view to be that where the court or its officers are not involved, there is no fraud upon the court within the meaning of Rule 60(b).").

[53]    *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972); *In re Levander*, 180 F.3d 1114, 1119 (9th Cir.1999); *Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 130 (4th Cir. 2000).

[54]    763 F.2d 1115 (10th Cir. 1985), *cert. denied*, 474 U.S. 1086 (1986). *Bulloch* was an *en banc*, split decision.

[55]    *Id*. at 1121 (emphasis added).

performed his judicial function, then it is fraud on the court.[56]

In *Weese v. Schukman*,[57] another case the parties did not cite, but which we find persuasive if not controlling, the plaintiff alleged that the defendant, in a medical malpractice case, had committed fraud on the court by allegedly concealing certain material facts during discovery and trial. The Tenth Circuit, quoting the United States Court of Appeals for the Fifth Circuit, summarized the concept of "fraud on the court" as follows:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court.[58]

It noted that "'fraud on the court' is tightly construed because the consequences are severe."[59] Additionally, "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court."[60] The Tenth Circuit concluded that the plaintiff's allegations of fraud that: 1) the defendant failed to reveal that he had served as director of the emergency room; 2) the defendant failed to reveal that the emergency room maintained information from a subscription service regarding how to treat poisoning victims; and 3) the defendant failed to reveal that the emergency room cancelled its subscription to the resource after the plaintiff requested his medical records – even if true, did not rise to the level of fraud on

---

[56]     *Id.*

[57]     98 F.3d 542 (10th Cir. 1996).

[58]     *Id.* at 552-53 (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)) (emphasis in original).

[59]     *Id.* at 553.

[60]     *Id.*

the court.[61]

With respect to judgments obtained by perjured testimony, courts have consistently held that perjury or fabricated evidence are not grounds for relief from judgment.[62]  They base their decision in part on the Supreme Court's contrasting example in the *Hazel-Atlas* case, which indicated fraud on the court does not exist in "a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury."[63]  The rationale being "[p]erjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible."[64]

In *Zurich North America. v. Matrix Serv., Inc.*,[65] the Tenth Circuit set forth the standard to grant relief from a judgment under Rule 60(b)(3).  Zurich alleged, *inter alia*, that Matrix's failure to disclose documents in response to informal discovery or as part of the initial disclosure under Rule 26 was fraud or misconduct between the parties, warranting relief from judgment under Rule

---

[61]     *Id.* at 553 & n.8.

[62]     *Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1265-66 (10th Cir. 1995) (relief not available on the sole ground that the judgment was obtained by perjured testimony); *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972).  *But see* 11 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2861 (3d ed. 2014) ("Relief will lie on a motion from a judgment produced by perjury.").  The cases cited therein are factually distinguishable or conclusory.

[63]     *Hazel-Atlas*, 322 U.S. at 245; *Great Coastal*, 675 F.2d at 1357 ("Motivated at least in part by this language, courts confronting the issue have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court.'").

[64]     *Great Coastal*, 675 F.2d at 1357; *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F3d. 44, 49 (1st Cir. 1995) (perjury is a common hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination).

[65]     426 F.3d 1281 (10th Cir. 2005).

60(b)(3). The district court dismissed Zurich's Rule 60(b)(3) motion, finding it failed to allege sufficiently egregious conduct to constitute fraud on the court.[66] On appeal, Zurich argued the district court erroneously applied the heightened "fraud on the court" standard of Rule 60(b)'s saving clause (now Rule 60(d)(3)) by requiring proof of intent to deceive.[67] Before addressing this argument, the Tenth Circuit set forth two requirements regardless of the specific form of the allegation: 1) the movant must show clear and convincing proof of fraud, misconduct, or misrepresentation;[68] and 2) "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."[69]

As to whether proof of deceptive intent was required, the Tenth Circuit's analysis began with distinguishing claims asserted under Rule 60(b)(3) and Rule 60(d)(3), as well as whether the claims involved fraud between the parties or fraud on the court, which suggests that different standards may apply depending on the nature of the alleged fraud. Unequivocally, intent to defraud is an absolute prerequisite for claims of fraud on the court.[70] As noted earlier, other circuits do not require evidence of deceptive intent for alleged fraud between the parties. The Tenth Circuit, however, had previously applied the heightened fraud on the court

---

[66]    *Id.* at 1290.

[67]    Other circuits do not require evidence of intent to deceive through a deliberate scheme for fraud or misconduct between the parties under Rule 60(b)(3). *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (holding an adverse party's failure, either inadvertent or intentional, to produce such obviously pertinent requested discovery material in its possession is misconduct under the meaning of Rule 60(b)(3)); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988) (holding "misconduct" under Rule 60(b)(3) does not require proof of intent to deceive).

[68]    *Zurich,* 426 F.3d at 1290 (citations omitted).

[69]    *Id.* (quoting *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[70]    *Hazel-Atlas*, 322 U.S. at 245-46*; Zurich*, 426 F.3d at 1291.

standard (*i.e.*, required proof of deceptive intent) to misconduct claims under Rule 60(b)(3) and said that it was bound by that decision.[71]  The Tenth Circuit ultimately affirmed the denial of the Rule 60(b)(3) motion, stating that "[e]ven were we to apply a less rigorous standard for fraud between the parties," Zurich failed to establish: 1) fraud by clear and convincing evidence and 2) substantial interference with its ability to present its case.[72]

With these principles in mind, we review the Motion and the bankruptcy court's decision to grant relief from the Original Judgment.  The Trustee sought relief based on the posttrial discovery of the Canceled Check, which he claimed proved Appellant's testimony that he never received the Check was false.[73]  He alleged that Appellant knowingly committed perjury and deceived the bankruptcy court.[74]  At the Motion Hearing, the bankruptcy court focused on the evidence regarding the issue of whether Appellant ever in fact received and cashed the Check.  Finding both Appellant's and his handwriting expert's testimony not credible, the bankruptcy court concluded that it was in fact misled by Appellant's trial testimony and further held that Appellant's misrepresentations constituted misconduct by a party warranting relief from judgment.

Because the Motion alleged fraud on the court, the bankruptcy court should have considered whether the perjurious testimony constituted fraud on the court as defined in *Hazel-Atlas*, *Bulloch*, and *Weese*.[75]  These cases indicate that the

---

[71]     *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Zurich*, 426 F.3d at 1291 n.8.

[72]     *Zurich*, 426 F.3d at 1292.

[73]     Motion at 3, ¶ 17, *in* Appellant's App. at 7.

[74]     *Id*. at 3-4, ¶¶ 16-17 and 20-21, *in* Appellant's App. at 7-8.

[75]     *Hazel-Atlas*, 322 U.S. at 245; *Bulloch*, 763 F.2d at 1121; *Weese*, 98 F.3d at 552-53.  *See also Gleason v. Jandrucko*, 860 F.2d 556, 559-60 (2nd Cir. 1988)

(continued...)

challenged behavior would not constitute "fraud on the court" warranting relief from judgment. The *Hazel-Atlas* contrasting example aptly describes this case, and thus the bankruptcy court erred in concluding that Appellant's trial testimony constituted misconduct by a party warranting relief from the Original Judgment.

We reach the same conclusion even if we apply the less rigorous standard for fraud between the parties under Rule 60(b)(3) discussed in *Zurich*. The record supports the bankruptcy court's view that Appellant misled it.[76] We do not condone parties offering misleading half-truths. However, we cannot overlook the bankruptcy court's omission to consider whether Appellant's misconduct impeded the Trustee's ability to fully and fairly prepare and proceed at trial in determining whether to grant relief from judgment under Rule 60(b)(3) because a party misled the court.[77] By not doing so, the bankruptcy court essentially allowed the Trustee to take a second bite of the proverbial apple and prove the one element the court

---

[75]      (...continued)
(two eyewitnesses of bank robbery admitted they perjured themselves at their depositions; because plaintiff had ample opportunity in the prior proceeding to uncover the alleged fraud, the subsequently discovered evidence of perjury did not support finding of fraud on the court justifying relief from judgment); *Anthony v. Gilman*, No. 4:03-cv-87, 2006 WL 3290141, at * 3 (W.D. Mich. Nov. 13, 2006) (finding plaintiff's allegations of perjury go to matters which could have been explored on cross-examination at trial and were insufficient to support a motion for relief from judgment under Rule 60(b)(3)).

[76]      Nothing in the record indicates that Appellant outright denied that he ever received or cashed the Check. Instead, he testified, "I have no record of receiving the Check." This statement may be construed as a misleading half-truth, because although it may be true that Appellant has no bank records indicating he cashed or deposited the Check, this does not mean he never received or cashed the Check as it could have been cashed at the payor's bank and never deposited in his account, leaving no documentary trail in Appellant's bank records. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

[77]      *Zurich*, 426 F.3d at 1290. *See also Ohlander v. Larson*, 114 F.3d 1531 (10th Cir. 1997) (trial court abused its discretion in denying plaintiff's motion to dismiss under Rule 41(a)(2) even though she blatantly violated the court's order because it failed to consider the relevant factors under Rule 41(a)(2)).

-16-

had previously found he had failed to meet his burden of proof on - Appellant's receipt of the transferred funds. This is a prime element of any preference claim and the forefront issue at the Preference Trial. The Trustee chose to rely upon the Debtor's bankruptcy disclosures and her testimony to establish this element.[78] He made a tactical litigation strategy decision to not obtain the Canceled Check prior to trial. Only after receiving an unfavorable ruling did the Trustee obtain the Canceled Check.[79] Granting relief from judgment in this instance allowed the Trustee to revisit a factual issue that was previously adjudicated contrary to the principles of finality.[80]

In sum, even if Appellant misled the bankruptcy court, the lack of a finding that Appellant's misconduct substantially interfered with the trial process before granting relief from judgment was a legal error, making the bankruptcy court's decision an abuse of discretion.[81] The Trustee did not even allege Appellant interfered with his ability fully and fairly to prepare for and present his preference case in the Motion. He also did not argue interference on appeal. We see nothing in the record that would support an interference finding.

---

[78] Oct. 30, 2013 Trial Tr. at 26, *ll.* 6-11, *in* Appellee's App. at 56 ("[G]iven the disclosures she gave in her testimony, I didn't think there was a need to make further investigation, no. . . [I] made no investigation whether or not it was cashed.").

[79] *Zurich*, 426 F.3d at 1293 ("Parties cannot use Rule 60(b) as mechanism to correct their own mistakes after . . . judgment has not gone their way.").

[80] *Id.* at 1290 (Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.).

[81] *Ohlander*, 114 F.3d at 1537 ("A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based.").

## V.      CONCLUSION

We recognize that the bankruptcy court has substantial discretion in connection with a Rule 60(b) motion, but Tenth Circuit law requires a court to make certain findings before granting relief from a judgment allegedly obtained by fraud on the court under Rule 60(b)(3).  Absent a finding and evidence that Appellant's misconduct was directed to the judicial machinery itself and substantially interfered with the plaintiff's ability fully and fairly to prepare for and proceed at trial, the grant of  relief from judgment was a legal error, making the bankruptcy court's decision an abuse of discretion.  Thus, we have no choice but to REVERSE the bankruptcy court's order granting the Trustee's motion for relief from judgment, VACATE the Relief Judgment, and REINSTATE the Original Judgment.

CORNISH, Bankruptcy Judge, dissenting:

The bankruptcy court got it right. The two hearings held in no way prejudiced Appellant. He was able to put on evidence in both hearings and he even produced a handwriting analyst who stated that the endorsement on the cashier's check was not his.

The Appellant reminds me of Leonardo DiCaprio in the movie "Catch Me If You Can." Appellant advanced a defense - which the bankruptcy court did not believe – that if the Trustee could not show $8,100.00 going in and out of his bank account then he was home free. The learned bankruptcy judge did not buy Appellant's "dog and pony show." The bankruptcy court found Appellant's speculation that Debtor purchased the cashier's check, mailed it to Appellant, intercepted his mail, forged Appellant's endorsement and cashed it at the same bank that issued the check by providing a previously-obtained copy of Appellant's South Carolina driver's license to be "highly unlikely." The bankruptcy court ultimately determined that the testimony of the handwriting analyst and of Appellant was not believable. I feel the same.

This Court should not reverse the bankruptcy court's findings unless it can unequivocally show that they were clearly erroneous. That not being the case, I would AFFIRM.